133 So.2d 566 (1961)
Diane BABB, a minor, by and through her father and next friend, Ira Lee Babb, and Ira Lee Babb, individually, Appellants,
v.
LINCOLN AUTO FINANCE CO., a Florida corporation, Appellee.
No. 61-55.
District Court of Appeal of Florida. Third District.
October 9, 1961.
Rehearing Denied November 3, 1961.
*567 Gilbert, Mayerson, Greenberg, Cohen, Nevins & Young, Miami Beach, for appellants.
Blackwell, Walker & Gray and John B. Kelley, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and HORTON and HENDRY, JJ.
HORTON, Judge.
The plaintiffs appeal from a summary final judgment in a common law action rendered pursuant to defendant's motion.
The plaintiffs filed a complaint alleging that Diane Babb was seriously injured on June 14, 1959, when struck by an automobile owned by defendant and negligently operated by Robert Bradshaw. Defendant filed an answer denying, inter alia, ownership of the vehicle. On November 7, 1960, defendant filed a motion for summary judgment supported by the affidavit of its president, to the effect that at the time of the accident, defendant did not own the vehicle. On December 13, 1960, defendant filed an additional affidavit of its president, together with a copy of a conditional sales contract between defendant, as seller, and Bradshaw, as buyer, indicating that the vehicle had been sold to Bradshaw on June 10, 1959, four days before the alleged accident. The hearing on the motion for summary judgment was set for January 12, 1961.
On January 6, 1961, plaintiffs filed a motion to amend their complaint, attaching thereto a copy of the proposed amended complaint. This motion was granted on January 11, 1961, and on the same day, plaintiffs filed the amended complaint, reiterating the allegations of the original complaint and alleging in the alternative that defendant had sold the vehicle to Bradshaw, negligently representing to him that it was in first class mechanical condition when defendant knew, or should have known, that the brakes were defective; that just prior to the accident, Bradshaw complained about the brakes and defendant undertook to repair them but performed the repairs so negligently that the brakes failed, causing the accident wherein Diane Babb was alleged to have been injured.
On January 12, 1961, defendant filed its answer to the amended complaint. On the same day, hearing was held on defendant's motion for summary judgment. It is uncertain whether the allegations of the *568 amended complaint, to the effect that defendant was negligent with respect to the brakes, were considered at this hearing; plaintiffs contending that they were not and defendant contending they were in that Bradshaw's deposition, stating he had no trouble with the brakes at the time of the alleged accident, was before the court. It is certain that plaintiffs offered no evidence in support of these allegations. Summary judgment was entered which apparently foreclosed all of plaintiffs' rights in the matter. This appeal followed.
The determinative question is whether, under the circumstances portrayed here, the trial court erred in granting summary judgment for the defendant. We find that it did.
The Florida Rules of Civil Procedure provide that a party against whom a claim is asserted may, at any time, move for a summary judgment or decree in his favor as to all or any part thereof. Rule 1.36(b), F.R.C.P., 30 F.S.A. The party opposing the motion is accorded the right to bring to the attention of the court any evidence he may have to support his claim or establish that there is a genuine issue of material fact. This right is protected by the rule requiring service of the motion for summary judgment upon the adverse party at least ten days prior to the date set for a hearing on the motion. Rule 1.36(c), F.R.C.P.; Cook v. Navy Point, Inc., Fla. 1956, 88 So.2d 532; 30 Fla.Jur., Summary Judgments, § 14. The courts have insisted on scrupulous observance of the notice requirement of the rule, reasoning that if it is not fulfilled, both in letter and in spirit, the summary judgment procedure stands in danger of becoming a vehicle of injustice rather than a salutory method of reaching a swift but just result as intended by the framers of the rules. Cleveland Trust Company v. Foster, Fla. 1957, 93 So.2d 112. Indeed, it has been said that the ten-day notice requirement is none too long considering the swift and dispositive character of the motion. Cook v. Navy Point, Inc., supra; Roberts v. Braynon, Fla. 1956, 90 So.2d 623. In Gaymon v. Quinn Menhaden Fisheries of Texas, Inc., Fla.App. 1959, 108 So.2d 641, 644, it was also observed:
"The rule authorizing the * * * final disposition of cases by [summary] judgment or decree does not contemplate that the motion will be granted in those cases where because of peculiar circumstances a party is unable on short notice to interrogate witnesses and procure affidavits or depositions in opposition to the motion asserted by his opponent. Public policy requires that our courts be ever vigilant in making summary disposition of causes lest the application of the rule result in eroding or destroying the fundamental right of litigants under our system of jurisprudence to have the issues made by the pleadings tried by a jury of fellow citizens."
In the instant case, plaintiffs' complaint was met by a timely motion for summary judgment, proper notice given, and a date set for a hearing on the motion. Plaintiffs were then granted leave to amend and filed an amended complaint which was complete in itself and did not refer to or adopt the original complaint. This constituted an abandonment of the original complaint which was superseded, ceased to be a part of the record and could no longer be used as a pleading. Watkins v. Sims, 81 Fla. 730, 88 So. 764; Dee v. Southern Brewing Co., 146 Fla. 588, 1 So.2d 562; Shannon v. McBride, Fla.App. 1958, 105 So.2d 16. At this stage in the proceedings, plaintiffs' only pleading was the amended complaint. The day after this complaint was filed, summary judgment was granted for the defendant. This was violative of both the letter and spirit of the rule, 1.36(c), F.R.C.P., and deprived plaintiffs of their right to bring to the attention of the court any evidence they might have, if given time, been able to obtain in support of their claim or to establish a material issue of fact.
The proper procedure in this case would have been for the trial court either to have *569 (1) postponed final disposition of the motion for such reasonable time as would have fulfilled the notice requirement of the rule; or (2) denied the motion and promptly set the cause for trial on the merits; or (3) since it was conceded there as it was here that defendant did not own the vehicle, granted partial summary judgment on the issue of ownership saving the question of negligence in repair of the brakes for later disposition either on motion with proper notice and hearing or at a trial on the merits. Rule 1.36(d), F.R.C.P. If either of these courses had been followed, plaintiffs would have been afforded their opportunity properly to defend against the motion for summary judgment or to fully present their evidence before a jury on a trial of the issues. Failing these, plaintiffs were denied procedural due process.
Accordingly, the summary judgment appealed is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.