133 So.2d 760 (1961)
M.B. RUDMAN and Josephine Rudman, his wife, James G. Allison and Fay Allison, his wife, and Unknown Parties, Appellants,
v.
Carl BAINE and Jeanette Baine, his wife, Appellees.
No. C-384.
District Court of Appeal of Florida. First District.
October 19, 1961.
G. David Parrish, Miami, for appellants.
Arthur T. Boone and William C. Guthrie, Jr., Jacksonville, for appellees.
*761 CARROLL, DONALD K., Chief Judge.
The defendants have taken this interlocutory appeal from an order of the Circuit Court for Duval County denying their motion to dismiss the plaintiffs' complaint in an action for partition of certain lands involving mineral rights.
In their complaint the plaintiffs allege that they and the defendants are the owners as tenants in common of certain described real property situated in Duval County; that the plaintiffs are in possession of the said land and own the entire fee "excepting an undivided one-half interest in and to all of the oil, gas and other minerals of every kind and character in, on or under, or that may be produced from said land." The plaintiffs further allege that by virtue of a certain deed to the defendants M.B. Rudman and James G. Allison, the predecessor in title to the parties herein conveyed "an undivided one-half interest in and to all of the oil, gas and other minerals of every kind and character in, on or under, or that may be produced from the aforedescribed land," and that the said defendants under such deed took said interest as tenants in common. The plaintiffs then demand judgment for a partition of the premises, according to the respective rights of the parties.
It is not unequivocally clear in the complaint whether the plaintiffs therein are seeking a partition of the entire fee of the land in question, both surface and mineral rights, even though they admit that the said defendants hold an interest only in the mineral rights, or merely a partition of the mineral rights. The main contention of the defendants-appellants on this appeal is that the plaintiffs are not entitled to partition of the entire fee. This contention basically is that the co-tenancy essential to maintain partition must be co-extensive with the rights in the land sought to be partitioned.
In support of their contention the appellants rely upon the provisions of Section 66.03, Florida Statutes 1959, F.S.A., which reads as follows:
"66.03 Partition of property; parties.  Such bill may be filed by any one or more of several joint tenants, tenants in common or coparceners, against their cotenants, coparceners or others interested in the lands to be divided."
The argument is that the plaintiffs and the defendants are not joint tenants, tenants in common, or coparceners of the surface rights of the premises, but are of the mineral rights only.
The appellees answer this contention by arguing in their brief that there is a unity of possession between the plaintiffs and the defendants as to the entire fee estate, insisting that the defendants' undivided interest in the mineral estate gives to them the right of possession of the fee at all times, or of the surface, for the purpose of mining, drilling, and operating for said minerals, together with the right of ingress and egress and the maintenance of facilities and means necessary or convenient for producing, treating and transporting such minerals and for housing and boarding employees.
Neither party to this appeal has called to our attention any Florida decision passing upon the question confronting us and this question appears to make this a case of first impression in this state. However, the appellants have cited and rely upon Andrews v. Andrews, 1945, 155 Fla. 654, 21 So.2d 205, 206, in which the Supreme Court of Florida held that a distinguishing feature of joint tenancy and tenancy in common is the "`unity' of possession." In the case at bar such unity exists between the parties only as to the mineral rights, not the fee.
It is clear that the present suit for partition was filed by the plaintiffs under the statutes of this state providing for such proceedings (Sections 66.01 to 66.08 inclusive, Florida Statutes, F.S.A.). This being so, it was incumbent upon them to comply strictly with those provisions. The *762 conclusion inevitably flows from the language used in Section 66.03, quoted above, that a suit for partition may be maintained only by "one or more of several joint tenants, tenants in common or coparceners, against their cotenants, coparceners or others interested in the lands to be divided." The plaintiffs and defendants jointly owned the mineral rights and so a suit for partition of those particular rights is authorized by this statute. However, we think that the plaintiffs failed to allege sufficiently in their complaint that the surface rights were held by the plaintiffs and the defendants as joint tenants, tenants in common, or coparceners. The incident surface rights appertaining to the mineral rights do not, in our opinion, make such a joint tenancy, tenancy in common, or coparcenery, as required by the statute.
The sole ground of the defendants' motion to dismiss the complaint is that it fails to state a cause of action. In considering the granting or denying of such a motion the trial court, as is this court, is confined to a consideration of the allegations within the four corners of the complaint.
A general statement of the standards which a complaint must measure up to under our procedure is found in Rule 1.8(b) of the Florida Rules of Civil Procedure, 30 F.S.A., which reads as follows:
"(b) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, or cross-claim, must state a cause of action, and must contain allegations of fact sufficient to show the jurisdiction of the court. It shall set forth a short and plain statement of the ultimate facts on which the pleader relies, and if it informs the defendant of the nature of the cause against him, it shall be held sufficient. It must contain a demand for judgment or decree for the relief to which the pleader deems himself entitled. Relief in the alternative or of several different types may be demanded. Every complaint shall be considered to pray for general relief."
It will be noted that the rule requires only that the complaint "state a cause of action." If the complaint so states a cause of action, that complaint should be sustained against a motion to dismiss, even though the complaint goes further and alleges additional matters, so long as those matters do not destroy the cause of action.
In order that there may be no uncertainty in the minds of the parties or the Circuit Court upon the remand of this cause concerning the position of this court, we advert to another matter involved in the complaint  the plaintiffs' prayer that the premises be sold at a private sale. They therein allege that the property sought to be partitioned "is indivisible and is not subject to partition without prejudice to its owner" and in their prayer demand judgment.
"for a partition of the said premises, according to the respective rights of the parties interested herein, and for a sale thereof conducted by a special master duly appointed by this Court, and as a private sale, and that the proceeds of such sale may be brought unto Court and divided among the parties, according to their respective rights and interest and for the cost of this action including a reasonable attorney's fee for plaintiff's attorney of record; and for such other relief as may be equitable."
The said allegation and prayer were undoubtedly included by the plaintiffs in their complaint in an attempt to bring their case under the provisions of Sub-section (4) of Section 66.06, Florida Statutes 1959, F.S.A., which sub-section reads as follows:
"(4) Appointment of master where property not subject to partition.  Upon an uncontested allegation in the complaint that the property sought to be partitioned is indivisible and is not subject to partition without prejudice to the owners of same, upon a decree of *763 partition being made, if the court is satisfied that such allegation is correct, the court may thereupon, upon application of either party and notice to the others before the court, appoint a special master to make sale of the property either at private sale or in the same manner as provided for sale thereof by section 66.07."
Section 66.07, referred to in the above provision, provides, among other things, for a sale of the property in partition proceedings "at public auction to the highest bidder," upon application and notice, if the commissioners appointed by the court report to it that the property is so situated that a partition thereof cannot be made without great prejudice to the owners of the same, and if the court is satisfied that such report is just and correct.
The provision in both Sections 66.06 and 66.07 that a sale of the property sought to be partitioned cannot be made without a showing that such property is indivisible and not subject to partition without prejudice to the owners, is reflective of the general rule in cases involving the partition of mineral rights adopted by many courts in other jurisdictions, either with or without applicable statutes to that effect. See 36 Am.Jur., Mines and Minerals, Section 205, and the 1961 cumulative supplement thereto.
In holding that the complaint before us states a cause of action for the partition of the mineral rights only, we do not pass upon the questions of whether the partition of such rights should be accomplished by a division in kind or by a sale of the rights and a division of the proceeds, and whether, if there is to be a sale, that sale should be private or public. Any ruling on these questions at this stage of the proceeding would be premature, for the conditions precedent to the ordering of a sale as required by the mentioned statutes have not yet occurred.
With reference to Sub-section (4) of Section 66.06, Florida Statutes 1959, F.S.A., quoted above, it cannot be said that the required "uncontested allegation" of indivisibility and lack of prejudice is in the complaint, because the defendants have not filed, and have not been required by our rules to file, their answer to the complaint, which answer would ordinarily be the pleading in which such an allegation would be contested. Besides, this statute requires that, before ordering a sale, the court must be "satisfied" that the said allegation is correct, which requirement, we think, means the court must be satisfied from evidence that the property involved is indivisible and is not subject to partition in kind without prejudice to the owners. In this cause no evidence has yet been taken on this or any other issue. The question before the Circuit Court was, and before us is, purely a pleading one  whether the complaint states a cause of action.
Similarly, the requirements for a public sale as set forth in Section 66.07, Florida Statutes 1959, F.S.A., have not yet been met, and we are not passing upon the question of ordering a public sale, nor, of course, as discussed above, a private sale.
We hold here that the complaint states a cause of action for the partition of the said mineral rights, and that the trial court, therefore, correctly denied the defendants' motion to dismiss the complaint. We further hold that the plaintiffs do not therein allege a cause of action for the partition of the entire fee in the premises, and any allegations whose only purpose is to allege such a cause are subject to being stricken or disregarded as surplusage.
In view of our holding stated in the preceding paragraph, we conclude that the trial court correctly denied the defendants' motion to dismiss in the order appealed from, and so that order must be and it is affirmed.
So ordered.
STURGIS and WIGGINTON, JJ., concur.