DOWNEY, Judge.
This appeal involves the propriety of the dismissal of appellants’ two count second amended complaint seeking (a) recovery of principal and interest payments made on a mortgage loan because of alleged usury, and (b) damages for fraud and misrepresentation relative to the same mortgage loan.
Count I alleged that in December 1968, appellants delivered to appellee their promissory note in the amount of $515,000, with interest at 7%%. Said note was secured by a mortgage. During the years 1969, 1970, and 1971, appellants paid appellee, and appellee knowingly and wrongfully demanded and received, interest in excess of 25% per annum. Appellee, a Federal Home Loan Bank, knew said rate of interest was in excess of that allowed by law, but it corruptly and unlawfully demanded and received same from appellants. Appellants had made demand on appellee to repay all sums owed to appellants pursuant to F.S. §§ 687.07 and 687.071, F.S.A.1971.
Count II alleged that appellants executed the note and mortgage on the faith of ap-pellee’s representations that the rate of interest would be 7%% per annum. Appel-lee with intent to defraud and deceive appellants wilfully demanded, exacted and received from appellants interest in excess of 25%, notwithstanding the terms of the note. Appellee fraudulently and wilfully intended to charge excessive interest at the time of the signing of the note. Upon learning of the excessive interest being charged, appellants demanded a return of said interest, but appellants were required instead to pay said excessive interest under duress due to the encumbrance on their property. Appellants are entitled to compensatory and punitive damages for said fraud and misrepresentation.
To said second amended complaint, ap-pellee directed a motion to dismiss for failure to state a cause of action. The motion was granted and final judgment entered.
As to Count I the motion to dismiss alleged that § 687.07 had been repealed prior to the commencement of this suit and that § 687.071 did not apply retroactively to this transaction. As additional grounds appellee alleged that it was exempt from application of the usury law by virtue of F.S. § 665.395, F.S.A., and that the action was barred by the statute of limitations. F.S. § 95.11(6), F.S.A. The portion of the motion directed to Count II relied upon the insufficiency of the allegations to state a cause of action in fraud and deceit.
In our opinion the trial court was correct in holding Count I did not state a cause of action under F.S. § 687.07 or § 687.071, F.S.A.
In 1968 when the contract in question was entered into, F.S. § 687.07, F.S.A., was in effect and provided that a person making a usurious loan in excess of 25% was guilty of a misdemeanor and subject to forfeiture of the principal and interest. In 1969 the legislature passed Chapter 69-135, Laws of Florida, 1969, whose effective date was October 1, 1969. The first section of that chapter added § 687.071 to the Florida Statutes. That section repealed F.S. § 687.07, F.S.A. This suit was commenced in September 1971. Section 687.071 provides criminal penalties for usury in excess of 25% and further provides that “no extension of credit made in violation of any of the provisions of this section shall be enforceable debt in the courts of this state.” However, F.S. § 687.071, F.S.A., is not retroactive. Wilensky v. Fields, Fla.1972, 267 So.2d 1; Staros v. Avalon Shores, Inc., Fla.App.1971, 249 So.2d 448. Accordingly, though the contract in question may have been subject to F.S. § 687.07, F.S.A., prior to its repeal, it was not thereafter. And, since F.S. § 687.071, F.S.A., does not apply retroactively to a *103 contract which predated its effective date, the contract in question falls in a hiatus between the termination date of F.S. § 687.07, F.S.A., and the effective date of F.S. § 687.071, F.S.A. Thus, Count I of appellants’ second amended complaint did not state a cause of action for recovery of both principal and interest under either of the aforementioned statutes. However, Count I does state a cause of action under F.S. § 687.04, F.S.A., for recovery of interest resulting from a violation of F.S. § 687.03, F.S.A. Though the complaint improperly sought a forfeiture of both principal and interest, since it did state a cause of action for some relief, the motion to dismiss should have been denied. Regan v. Davis, Fla.App.1957, 97 So.2d 324; Rudman v. Baine, Fla.App.1961, 133 So.2d 760; Lytell v. McGahey Chrysler-Plymouth, Inc., Fla.App.1965, 180 So.2d 354. See Wilensky v. Fields, supra.
Appellee’s motion to dismiss Count I also contended that appellee was exempt from the usury statutes by virtue of F.S. § 665.-395, F.S.A. Said section provides: “No fines, interest or premiums paid on loans made by any building and loan association shall be deemed usurious * * Appellants alleged that appellee is a Federal Home Loan Bank. At this stage of the pleadings the court cannot determine whether a Federal Home Loan Bank falls within the purview of the exemption afforded to building and loan associations in F.S. § 665.395, F.S.A. It appears to us that upon remand this matter should be raised as a defense.
Finally, we agree with the trial judge that Count II fails to state a cause of action in tort for fraud and deceit.
Accordingly, the judgment appealed from is affirmed as to Count II and reversed as to Count I, and the cause is remanded for further proceedings.
Affirmed in part, reversed in part.
CROSS and MAGER, JJ., concur.