312 So.2d 778 (1975)
Lawrence KAGAN, Appellant,
v.
Howard GARFINKLE et al., Appellees.
No. 74-1254.
District Court of Appeal of Florida, Third District.
May 13, 1975.
A. Jay Cristol and Steven Mishan, Miami, for appellant.
Brickman, Male & Bloom and Stephen A. Freeman, Miami, for appellees.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
*779 PEARSON, Judge.
The appellant, Lawrence Kagan, as plaintiff in an amended complaint for damages, sought to recover a portion of a real estate commission. Though Kagan is a real estate broker in the State of New York, he is not licensed in the State of Florida. The trial court dismissed Kagan's complaint as to all defendants. These defendants are Howard Garfinkle, alleged to have been the purchaser of an apartment house in Dade County, Florida; Adrienne Realty, Inc., alleged to have been a joint venturer with Guardian Realty, Inc., in procuring a purchaser for the property; Howbar of Florida, Inc., a corporation owned and controlled by Garfinkle, alleged to be the ultimate purchaser of the property; and Biscayne Carlton Corp., alleged to be the seller of the property. The gist of Kagan's complaint is that the seller employed Guardian Realty, Inc., as a real estate broker to find a purchaser for the Carlton Terrace Apartments and thereafter that Guardian associated Adrienne Realty, Inc., as an associate broker. It is alleged that, in turn, Guardian associated the New York broker, Kagan, to assist in finding a purchaser. Further, it is alleged that the three brokers agreed to an equal, three-way division of the commission but that Adrienne Realty Corp., after accepting the services of Kagan in finding a purchaser, completed the sale and retained the entire commission.
The trial court dismissed the cause upon the theory that a broker not licensed in Florida may not sue for a commission. It is true that Fla. Stat. § 475.41 provides as follows:
"Contracts of unregistered person for commissions invalid.  No contract for a commission or compensation for any act or service enumerated in subsection (2) of § 475.01 shall be valid unless the broker or salesman shall have complied with this chapter in regard to registration and renewal of the certificate at the time the act or service was performed."
However, this statute does not deprive a broker duly registered in another state of all rights. See Pokress v. Tisch Florida Properties, Inc., Fla.App. 1963, 153 So.2d 346. In the cited case, the practice of employing brokers in other states to assist in finding a purchaser in those states in which they are licensed was specifically approved. Thus, it appears that such a contract is legal and gives rise to rights in the foreign broker for the recovery of his share of the commission from the Florida broker who employed him. Therefore, the trial court erred in dismissing the complaint as to the defendant Adrienne Realty, Inc.
Kagan attempted to join himself as a plaintiff with Guardian Realty in their suit claiming a conspiracy by the seller, purchaser and Adrienne Realty, Inc., to close the deal through secret meetings and negotiations, thereby excluding Kagan and Guardian Realty from participation therein. The question thus becomes whether the foreign broker may maintain an action for conspiracy in a suit where he alleged the denial of his right to participate in the proceeds of a real estate commission for the sale of property in Florida. The answer to this question depends upon whether the activity of the foreign broker constituted any of the services enumerated in subsection 2 of Fla. Stat. § 475.01, describing the services that may be performed only by registered real estate brokers in the State of Florida.
It is appellees' contention that a reading of the complaint leads to the conclusion that the plaintiff-New York broker was actually performing in Florida the services prohibited by the above-mentioned section. It is clear that such activity on behalf of the plaintiff may be inferred from the allegations of the complaint. However, in order to dismiss a complaint for failure to state a cause of action, the basis of the defense which is claimed as a bar to the action must clearly appear upon the face of the complaint and not by way of inferences drawn therefrom. See Rudman *780 v. Baine, Fla.App. 1961, 133 So.2d 760. We, therefore, conclude that the trial judge erroneously dismissed the complaint as conclusively showing that the plaintiff is without remedy in the courts of Florida. The defense which the appellees urge upon the statute must be pleaded.
The judgment is reversed and the cause is remanded to the trial court for further proceedings in accordance with the views herein set out.
Reversed and remanded.