387 So.2d 1012 (1980)
Orville KRIEGER, Phillip E. Miller and Malcom Firth, Appellants,
v.
OCEAN PROPERTIES, LTD., a Florida Corporation, and Thomas Walsh, Appellees.
No. 78-721.
District Court of Appeal of Florida, Fourth District.
September 10, 1980.
*1013 William F. Zamer of Zamer & Holmes, Oakland Park, for appellants.
Patrick L. Bailey and George E. Gleason of Sullivan, Ranaghan, Bailey & Gleason, Pompano Beach, for appellees.
HURLEY, Judge.
Appellants, plaintiffs below, appeal the entry of an adverse final judgment, entered upon a motion for judgment on the pleadings. We reverse.
Plaintiffs filed a three count amended complaint. Counts one and two sought brokerage commissions allegedly due as a result of the sale of Florida realty. Count three alleged tortious interference with a contractual or business relationship.
The amended complaint indicates that plaintiffs Krieger and Miller are real estate brokers licensed in the state of Indiana. Plaintiff Firth is a real estate broker licensed in the state of Florida. Appellee/defendants are the purchasers of four Holiday Inns located in Florida. Plaintiffs claim to have rendered multiple services and to have been the procuring cause in the purchase of these Holiday Inns.
In granting judgment on the pleadings, the trial court expressly relied on two cases: Paris v. Hilton, 352 So.2d 534 (Fla. 1st DCA 1977), cert. denied, 365 So.2d 713 (Fla. 1978), cert. denied, 441 U.S. 931 99 S.Ct. 2050, 60 L.Ed.2d 659 (1979) and Meadows of Beautiful Bronson, Inc., v. E.G.L. Investment Corp., 353 So.2d 199 (Fla.3d DCA 1977), cert. denied, 360 So.2d 1248 (Fla. 1978). Both cases dealt with the performance of real estate brokerage services in Florida by individuals not licensed or registered in Florida, and consequently the court found, as a matter of public policy, that the contracts were void and unenforceable. See Sections 475.01(2) and 475.41, Florida Statutes (1977).[1] On the other hand, it has long been recognized that brokers licensed in other states may recover commissions in connection with the sale of Florida realty where such brokers were employed by brokers licensed in Florida to locate purchasers within the states in which they were licensed. Kagan v. Garfinkle, 312 So.2d 778 (Fla.3d DCA 1975); Pokress v. Tisch Florida Properties, Inc., 153 So.2d 346 (Fla.3d DCA 1963).
To properly evaluate plaintiff's complaint, we must turn to the general rules governing motions for judgment on the pleadings. Under Rule 1.140(c), Fla.R. Civ.P., all material allegations of the opposing party's pleading are to be taken as true, and all those of the movant which have been denied are taken as false. McAbee v. Edwards, 340 So.2d 1167 (Fla. 4th DCA 1976). Since an answer requires no responsive pleading, all allegations contained therein are deemed denied. Butts v. State Farm Mutual Automobile Ins. Co., 207 So.2d 73 (Fla.3d DCA 1968). Such a motion is to be decided wholly on the pleadings, without the aid of outside matters. City of Miami v. J.C. Vereen & Sons, Inc., 359 So.2d 533 (Fla.3d DCA 1978). Judgment on the pleadings may be granted only if, on *1014 admitted facts, the moving party is clearly entitled to judgment as a matter of law. Williams v. Howard, 329 So.2d 277 (Fla. 1976). It is improper for a trial court to enter judgment on the pleadings where a factual question is involved. McAbee v. Edwards, supra.
The pleadings in the case at bar fail to specify whether brokerage services were rendered in Florida and, if so, by whom. Determination of this issue involves factual questions which cannot be resolved except by evidence outside the pleadings, thereby precluding entry of judgment on the pleadings.
Appellants also contend that the trial court erred in granting appellees' motion for judgment on the pleadings with respect to count three of the amended complaint, tortious interference with a contractual or business relationship.
Applying the previously discussed standards for determination of a motion for judgment on the pleadings, appellants' allegations in their complaint must be taken as true. These included: (1) appellants had a valid contract with All American Leisure Properties, Inc., the seller, concerning payment of a commission by All American to appellants with respect to a Holiday Inn in Delray Beach; (2) appellees orally contacted All American and attempted to cause All American to delay or deny payment of said commission and "did otherwise attempt to interfere" with the contract; (3) as a result of appellees' actions, payment from All American was substantially delayed; (4) appellees' actions were willful, wanton, malicious, indifferent, and unlawful, and caused financial detriment to appellants.
This court set forth the elements of the tort of interference with business relationship in Symon v. J. Rolfe Davis, Inc., 245 So.2d 278, 280 (Fla. 4th DCA), cert. denied, 249 So.2d 36 (Fla. 1971) as follows:
The elements of the tort, then, are: (1) the existence of a business relationship under which the plaintiff has legal rights, (2) an intentional and unjustified interference with that relationship by the defendant, and (3) damage to the plaintiff as a result of the breach of the business relationship.
In establishing this tort, it is not essential that the business relationship be founded on an actual enforceable contract. United Yacht Brokers, Inc. v. Gillespie, 377 So.2d 668 (Fla. 1979); Azar v. Lehigh Corporation, 364 So.2d 860 (Fla. 2d DCA 1978). There must, however, be some attendant legal rights. Lake Gateway Motor Inn, Inc. v. Matt's Sunshine Gift Shops, Inc., 361 So.2d 769 (Fla. 4th DCA 1978), cert. denied, 368 So.2d 1370 (Fla. 1979).
The complaint in the instant case alleges each of the elements set forth above and, this being a motion for judgment on the pleadings, these allegations are taken as true. Thus, it was improper for the trial court to enter judgment on the pleadings for appellees as to this cause since, on the facts admitted, the movants were clearly not entitled to judgment as a matter of law. City of Miami v. J.C. Vereen & Sons, Inc., supra.
Accordingly, the order under appeal is reversed and the cause is remanded for further proceedings consistent with this opinion.
DOWNEY and GLICKSTEIN, JJ., concur.
NOTES
[1] Chapter 475, Florida Statutes was subsequently repealed by Laws 1976, c. 76-168, § 3, effective July 1, 1978. Laws 1977, c. 77-457, § 1 amended Laws 1976, c. 76-168, § 3, to change the effective date of repeal to July 1, 1979. Laws 1979, c. 79-239, renumbered, amended, readopted or repealed the provisions of the chapter and, as reconstituted, it appears as Fla.St. 1979, Chapter 475, §§ 475.001 to 475.486.