BASKIN, Judge.
While appellant was under investigation for suspected lottery violations, he was arrested for drinking beer within 500 feet of. a grocery store. When the police searched his van, they found marijuana. Appellant pled no contest to the charge of possession of marijuana and to other charges. The City of Opa Locka then sought forfeiture of *1171 appellant’s van and approximately $1,239 in the civil division of the circuit court.
We reverse the Summary Judgment of Forfeiture entered by the trial court. The court was required to conduct an evi-dentiary hearing prior to ordering forfeiture of appellant’s property. Babb v. Lincoln Auto Finance Co., 133 So.2d 566 (Fla. 3d DCA 1961).
We note that a plea of no contest entered in a criminal case does not collaterally estop the assertion of defenses to a civil action. Chesebrough v. State, 255 So.2d 675 (Fla.1971). Furthermore, a forfeiture proceeding is quasi-criminal and falls within the purview of the exclusionary rule. One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965); In re Forfeiture of 1972 Porsche, 307 So.2d 451 (Fla. 3d DCA 1975).
Reversed and remanded for further proceedings.