DOWNEY, Judge.
Plaintiff-appellee, Jess Leisch-General Contractors, Inc., filed a complaint to foreclose a mechanics lien against defendant-appellants, Isle of Sandalfoot Contractors, Inc., and Helf-Life, Ltd. Four days later plaintiff filed an amended complaint, complete within itself, in which it named an additional defendant, Isle of Sandalfoot Condominium # 4, Inc. While the amended complaint sought the same relief against the original defendants, the paragraphs thereof were renumbered and additional allegations were directed against Sandalfoot Condominium, the newly added defendant. Both the original and amended complaints were served upon the original defendants.
When no answer to the original complaint was served, appellee obtained the entry of a default. Appellants timely served their answer to the amended complaint and sought vacation of the earlier default. The motion to vacate was denied and appellants seek review of that order. We reverse.
Florida Rule of Civil Procedure 1.190(a) provides:
(a) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be given freely when justice so requires. A party shall plead in response to an amended pleading within 20 days after service of the amended pleading unless the court otherwise orders. (Emphasis added.)
Pursuant to that rule, appellants were required to respond to the amended complaint within 20 days of service of that pleading, and they did so in timely fashion. Since the plaintiff had filed an amended complaint four days after filing the original complaint and since the time for responding to the amended complaint had not expired, entry of the default was improper because, under the facts of this case, the amended complaint superseded the original complaint. Babb v. Lincoln Auto Finance Co., 133 So.2d 566 (Fla. 3rd DCA 1961); 40 Fla.Jur.2d, Pleadings, § 217.
Although a good deal of the parties’ briefs are devoted to argument over whether excusable neglect and a meritorious defense were shown in conjunction with the motion to vacate, our decision makes it unnecessary to reach that point. The default was improperly entered and should have been vacated for the reasons stated herein.
Accordingly, the judgment appealed from is reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED, with directions.
BERANEK, J., and GARRETT, EUGENE S., Associate Judge, concur.