PER CURIAM.
This appeal arises out of an action to enforce a rent escalation clause contained in a lease. After the pleadings closed, the trial court granted appellees’ motion for judgment on the pleadings.
Appellant contends that material questions of fact exist concerning the interpretation of the rent escalation provision. We agree and reverse. The rent escalation provision is ambiguous on its face. In Royal American Realty v. Bank of Palm Beach and Trust Co., 215 So.2d 336 (Fla. 4th DCA 1968), we said:
*806 In the construction of contracts the intention of the parties is to govern. Such intention is ordinarily deduced from the language employed when the same is without ambiguity; however, if the language used does create an ambiguity, then parol evidence is properly admissible, not for the purpose of changing or varying the terms of the written instrument, but to elucidate, explain or clarify the intention of the parties.
Id. at 338.
The rent escalation clause contains conflicting provisions for the computation of rent that cannot be reconciled. A literal interpretation of the provision would result, for all practical purposes, in no increase in rent unless the consumer price index doubled in a single year. Such an interpretation would render it meaningless. The trial court should not have entered judgment on the pleadings because a factual question exists as to the intent of the parties and the interpretation to be placed on the rent escalation provision. See Krieger v. Ocean Properties, Ltd., 387 So.2d 1012 (Fla. 4th DCA 1980).
REVERSED and REMANDED.
HERSEY, C.J., DELL, J., and OWEN, WILLIAM C., Jr., Retired, Associate Judge, concur.