# Third District Court of Appeal

## State of Florida

Opinion filed October 7, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2705
Lower Tribunal No. 12-43790
_____


**Phoenix Asset Management LLC, etc.,**
Appellant,

vs.

**GCCFC 2005-GG5 Route 33 Industrial, LLC, et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Abby Cynamon, Judge.

Egozi & Bennett, P.A., and Bernard L. Egozi and Isaac S. Lew (Aventura), for appellant.

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC, and S. Alan Stanley and Matthew I. Kramer, for appellees.


Before WELLS, SHEPHERD, and LOGUE, JJ.

LOGUE, J.

Phoenix Asset Management, LLC, d/b/a Realta Group ("Broker"), appeals a final summary judgment entered in favor of GCCFC 2005-GG5 Route 33 Industrial, LLC, and LNR Partners, LCC ("Property Owners"). Because the affidavit submitted by the Broker in opposition to summary judgment was sufficient to create an issue of fact, we reverse and remand for a greater development of the factual record.

The Broker sued the Property Owners seeking payment of a real estate commission for brokering a lease extension on the Property Owners' store located in Lakeland, Florida. Its complaint alleged that it was "the only broker that represented the parties with respect to the Lease Extension." The complaint also alleged the Broker was "a duly licensed real estate broker."

In its answers to interrogatories, however, the Broker revealed it was licensed in New York, not Florida. The Property Owners then moved for summary judgment based on section 475.41, Florida Statutes (2014), which prohibits brokers without Florida real estate licenses from collecting commissions on Florida transactions. The summary judgment motion was filed on January 16, 2014, and heard by the court on May 16, 2014. As currently allowed by Florida Rule of Civil Procedure 1.510(c), the Broker waited until two days before the hearing, which was four months after the summary judgment motion was filed, to deliver its opposition to the motion.

In opposing the motion, the Broker departed from its allegations in the complaint and took the position that it was not, in fact, the only broker that represented the parties with respect to the lease extension. The Broker filed an affidavit by its vice-president, in which the vice-president essentially testified that the Broker actually co-brokered the extension of the lease with First Market Properties, LLC, a Florida licensed broker.[1]

The Broker then argued that its claim could proceed under a common law exception to section 475.41 which allows out-of-state brokers to sue for their share of the commission when they co-broker property with a licensed Florida broker. See, e.g., Kagan v. Garfinkle, 312 So. 2d 778, 779 (Fla. 3d DCA 1975) (holding that where a Florida broker hired a foreign broker to find foreign purchasers for Florida real estate, "such a contract is legal and gives rise to rights in the foreign broker for the recovery of his share of the commission from the Florida broker who employed him").

The rationale for this exception is that, when the foreign broker is acting as a co-broker with a Florida broker, "the public policy of section 475.41, Florida Statutes, is effectuated because under any co-broker arrangement the Florida licensed broker will be legally and professionally responsible for the acts of the

---

[1] In its initial brief, the Broker indicated that the correct legal name of its co-broker is Opportunity Home Sales, LLC, d/b/a First Market Properties.

cooperating foreign broker as well as for his own acts in the joint venture." <u>Tassy v. Hall</u>, 429 So. 2d 30, 34 (Fla. 5th DCA 1983).[2]

Although the vice-president's affidavit is far from a model of clarity, we hold it was sufficient to prevent entry of summary judgment in the absence of a more detailed factual record. For this reason, we reverse.

We remand to allow the development of a more detailed factual record addressing whether the Broker actually worked in conjunction with the Florida broker to procure the subject lease extension. Nothing in this opinion should be read as precluding a renewed motion for summary judgment by either party once the factual record is developed. In this regard, however, we remind the trial court, and caution the parties, that rule 1.510(g) requires the court to award attorney's fees in the event the court finds that an affidavit was filed in bad faith or solely for the purpose of delay.

Reversed and remanded for further proceedings consistent with this opinion.

---

[2] We do not reach the issue of whether changes in the statutes subsequent to these decisions obviated the common law exception. Nor do we reach the issue of whether the Florida broker is an indispensable party to this action.