# Third District Court of Appeal

**State of Florida**

Opinion filed November 9, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2449
Lower Tribunal No. 13-24813
_____

**Oceanside Plaza Condominium Association, Inc.,**
Appellant,

vs.

**Foam King Industries, Inc., et al.,**
Appellees.

An appeal from the Circuit Court for Miami-Dade County, Antonio Marin, Judge.

Berger Singerman LLP and Michael J. Higer and Nicole L. Levy, for appellant.

Carey Rodriguez Milian Gonya, LLP and Juan J. Rodriguez and David M. Levine, for appellees.

Before SUAREZ, C.J., and ROTHENBERG and FERNANDEZ, JJ.

SUAREZ, C.J.

Oceanside Plaza Condominium Association, Inc. ("Oceanside") appeals a

final order dismissing with prejudice its Second Amended Complaint against Foam

King Industries, Inc., Greg Howard, Foam King Roofing and Insulation, Inc. and Roof King, Inc. (collectively the "Foam King Defendants") for breach of contract and damages allegedly resulting from faulty roofing materials and installation performed by Foam King Industries, Inc. We reverse.

On February 28, 2008, Oceanside entered into a contract with the Foam King Defendants for installation of a new roof. Upon completion, the Foam King Defendants issued warranties. Oceanside claimed the roof leaked and brought the instant action. Oceanside initially filed its Complaint against the Foam King Defendants and others in July 2013. In September 2013 Oceanside filed a First Amended Complaint. Both the initial Complaint and First Amended Complaint alleged that in December 2008 Oceanside received a "five year guarantee on all re-roofing and a fifteen year manufacturer's warranty" for the roofing materials (provided by another defendant who is not a party to this appeal). Oceanside also alleged that "shortly thereafter" Oceanside noticed damage to the roof. The Foam King Defendants moved to dismiss the First Amended Complaint arguing that the claim was barred by the four-year statute of limitations because the term "shortly thereafter" used in Oceanside's Complaint and First Amended Complaint showed that Oceanside was aware of the leaks in December 2008 and, therefore, the statute of limitations had run by the time Oceanside filed its Complaint. Without any ruling on that motion, the parties agreed to dismiss the First Amended Complaint and to an agreed order allowing a Second Amended Complaint. The Trial Court

2

entered the Agreed Order in September 2014. In November 2014 Oceanside filed a Second Amended Complaint in which it clarified that it had first discovered problems with the roof and a water leak on July 24, 2009. July 24, 2009 is the last day before the statute of limitations would have expired for the initial Complaint. The Foam King Defendants again moved to dismiss by incorporating their original motion and arguing that the allegations of the First Amended Complaint and the Second Amended Complaint were identical. After hearing, the trial court granted the Motion to Dismiss with prejudice. The trial court's order from which this appeal is taken states that in dismissing the Second Amended Complaint the trial court did not limit itself to the four corners of the Second Amended Complaint, but instead dismissed the Second Amended Complaint because the trial court reviewed the previously- dismissed First Amended Complaint and determined that the Second Amended Complaint presented new facts that contradicted the facts of the First Amended Complaint.[1]

_____

[1] The Order stated, in pertinent part:

> 8. This Court, however, is mindful that after the filing of Defendants' original motion to dismiss, the Plaintiff amended its pleading to push back the date of discovery of the roof leak to July 24, 2009 – a date that is conveniently the day before the expiration of the statute of limitations.
> 9. This Court will not allow Plaintiff to plead these new facts, which blatantly contradict those contained in its prior pleading simply to avoid and plead around the statute of limitations. See, e.g., Wallace v. New York City Dep't of Corr., 1996 WL 586797, at * 1–2 (E.D.N.Y. Oct. 9, 1996) (dismissing amended complaint which alleged contradictory facts from original complaint and stating, "[t]he

3

We find that the trial court erred in dismissing the Second Amended Complaint, which was timely and properly filed, because the trial court improperly considered the dismissed First Amended Complaint as grounds to dismiss the Second Amended Complaint. Long-standing Florida case law makes clear that the filing of an amended complaint constitutes "an abandonment of the original complaint which was superseded, [and it] ceased to be part of the record and could no longer be viewed as a pleading." Babb v. Lincoln Auto Finance Co., 133 So. 2d 566, 568 (Fla. 3d DCA 1961); See also, Dee v. Southern Brewing Co., 1 So. 2d 562, 562–63 (Fla. 1941) ("By the filing of this [amended] declaration the plaintiff abandoned the original declaration and it no longer served any purpose in the record."); Commercial Garden Mall v. The Success Academy, Inc., 453 So. 2d 934, 936 (Fla. 4th DCA 1984) ("An original pleading is usually superseded by an

plaintiff blatantly changes his statement of the facts in order to respond to the defendants' motion to dismiss. In this amended complaint, the plaintiff directly contradicts the facts set forth in his original complaint. This court accepts the facts as described in the original complaint as true and . . . .") (emphasis added)); Dozier v. Deutsche Bank Trust Co. Americas, 2011 WL 4058100, at *2 (S.D.N.Y. Sept. 1, 2011)(dismissing amended complaint based, in part, because the "court need not accept as true allegations that conflict with a plaintiff's prior allegations"); Colliton v. Cravath, Swaine & Moore LLP, 2008 WL 4386764, at *6 (S.D.N.Y. Sept. 24, 2008) ("Where a plaintiff blatantly changes his statement of the facts in order to respond to the defendant['s] motion to dismiss ... [and] directly contradicts the facts set forth in his original complaint a court is authorized to accept the facts described in the original complaint as true." (alterations in original)), aff'd, 356 F. App'x 535 (2d. Cir.2009)).

4

amendment to it."); Metropolitan Bank & Trust Co. v. Vanguard Ins. Co. 400 So. 2d 184 (Fla. 2d DCA 1981).

Based on the foregoing cases, when ruling on the Foam Kings Defendants' Motion to Dismiss, the trial court should have reviewed only the allegations of the Second Amended Complaint. Moreover, "[i]n determining the merits of a motion to dismiss, the trial court must limit itself to the four corners of the complaint, including any attached or incorporated exhibits, assuming the allegations in the complaint to be true and construing all reasonable inferences therefrom in favor of the non-moving party." Grove Isle Ass'n v. Grove Isle Assocs., LLLP, 137 So. 3d 1081, 1089 (Fla. 3d DCA 2014) (citations omitted). Thus, it was improper for the trial court to compare the allegations of the First and Second Amended Complaints and then conclude that the allegations had been changed solely to avoid dismissal based on the statute of limitations. The only pleading properly before the trial court was the Second Amended Complaint and that pleading contains allegations which preclude a dismissal based on the statute of limitations because it alleges discovery of the roof damage within the statute of limitations for commencement of the action.[2]

In its dismissal Order, the trial court also concluded that Oceanside had failed to state a cause of action against certain of the Foam King Defendants.

_____

[2] We make no finding, and none should be inferred, as to whether Oceanside will be able to prove those allegations at trial.

5

Oceanside alleged that Greg Howard was a shareholder of Foam King Industries, Inc. and that when Foam King Industries, Inc. closed its doors, it began operating as Foam King Roofing and Insulation, Inc. ("Foam King Roofing) and Roof King, Inc. ("Roof King"). Oceanside alleged that Foam King Roofing and Roof King are successor entities to Foam King Industries, Inc. and made claims against them in that capacity.

In its ruling, the trial court concluded that "successor liability and continuation of business are post judgment theories appropriate only if the Plaintiff is first able to obtain a judgment." That conclusion is also contrary to long-standing case law permitting claims to be made against successor corporations and alter egos in the first instance. Dania Jai-Alai Palace, Inc. v. Sykes, 450 So. 2d 1114 (Fla. 1984); Gasparini v. Pordomingo, 972 So. 2d 1053 (Fla. 3d DCA 2008); Lab Corp. of Am. v. Prof'l Recovery Network, 813 So. 2d 269 (Fla. 5th DCA 2002); Celotex Corp. v. Pickett, 490 So. 2d 35, 37 (Fla. 1986); Bernard v. Kee Mfg. Co. Inc., 409 So. 2d 1047, 1048 (Fla. 1982). Moreover, the trial court erred in concluding that Oceanside had failed to properly allege its claims against Foam King Roofing and Roof King. The Second Amended Complaint contains sufficient allegations to satisfy the pleading requirements for all such claims. Dania Jai-Alia, 450 So. 2d at 1117.

Reversed and remanded.

6