DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DILSON S. URRIBARI,** an individual, and **LA PLACITA GROCERY OF FORT PIERCE CORP.,** a Florida corporation,
Appellants,

v.

**52 SW 5TH CT WHSE, LLC,** a Florida limited liability company,
and **BASHAR M. YATAK,**
Appellees.

No. 4D18-1539

[March 20, 2019]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Janet Croom, Judge; L.T. Case Nos. 2017CA001209AXXXHC and 2017CC002110AXXXHC.

Elliot B. Kula, W. Aaron Daniel and William D. Mueller of Kula & Associates, P.A., Miami, for appellants.

Elaine Johnson James of Elaine Johnson James, P.A., Palm Beach Gardens, for appellees.

WARNER, J.

La Placita Grocery, a lessee of a commercial building, and its president, Dilson Urribari, appeal two judgments, both entered upon motions for judgment on the pleadings. The first resolved a complaint for breach of contract, fraud in the inducement, and other grounds against Bashar Yatak in connection with his purchase of La Placita's right of first refusal on the purchase of the building. The second judgment granted eviction of La Placita and entered judgment on La Placita's counterclaims against 52 SW 5th CT WHSE, LLC, and Yatak as its manager, which mirrored the claims brought in the first suit. Because the trial court erred by considering facts outside the four corners of the pleadings and relying on allegations deemed false pursuant to the rules governing motions for judgment on the pleadings, we reverse.

In the first lawsuit, La Placita Grocery of Fort Pierce Corporation sued Bashar Yatak for promissory estoppel, unjust enrichment, specific

performance, fraud in the inducement, both intentional and negligent misrepresentation, and breach of contract. The second amended complaint alleged that La Placita operated a grocery store on property in Fort Pierce, which it leased from Jose and Sandra Garcia. In 2017, Yatak expressed an interest in purchasing the grocery store business, and Yatak and La Placita entered into an oral agreement for 52 SW to purchase the business for $550,000 prior to the end of June 2017. Subsequent to the agreement, Yatak became interested in purchasing the property leased to La Placita. The lease gave La Placita and Urribari the right of first refusal to buy the Garcias' property. La Placita agreed to waive its right of first refusal, so that Yatak could negotiate a sale of the building from Garcia, conditioned on Yatak continuing with his purchase of the grocery store business. When the purchase of the grocery business was not forthcoming, La Placita threatened to terminate the waiver. Unbeknownst to La Placita, Yatak, through his corporation 52 SW, expedited the purchase of the building for less than the sale price of the grocery business. After closing on the purchase, Yatak continued to make representations that he would purchase the grocery business. Yatak knew, however, that a clause in the lease allowed the purchaser of the building to terminate the lease within sixty days of the purchase. La Placita alleged that at the time of the filing of the complaint, Yatak, through 52 SW, was attempting to evict it from the property, thus breaching his agreement to purchase the grocery store business from La Placita.

Based upon the alleged facts, La Placita sought damages for breach of contract, unjust enrichment, and fraud, and it also sought specific performance of the oral agreement to purchase the business. La Placita did not attach any documents to its second amended complaint, although the lease agreement between it and Garcia, as well as an unsigned copy of an Asset Purchase Agreement between La Placita and Yatak, were attached to the original complaint.

Yatak moved to dismiss the complaint or for judgment on the pleadings of the second amended complaint, relying on two documents. The first document was the unsigned Asset Purchase Agreement attached to the initial complaint. The other document was the "Waiver of Right to Purchase," which La Placita signed. Neither document was attached to the pleadings. Yatak argued that the second amended complaint failed to state a cause of action for breach of contract and specific performance because Yatak had not executed the Asset Purchase Agreement attached to the initial complaint. Yatak also contended that the counts for fraud, intentional and negligent misrepresentation, unjust enrichment, and promissory estoppel all failed due to the existence of the written waiver agreement. Yatak also raised the affirmative defense that the statute of

2

frauds barred the oral agreement to buy La Placita's grocery store business.

La Placita responded that the Asset Purchase Agreement and written waiver were not attached to the second amended complaint, and Yatak could not rely on them for dismissal. Further, La Placita and Urribari had fully performed their portion of the bargain, which prevented application of the statute of frauds. La Placita raised other grounds as to why the statute of frauds did not apply.

In the meantime, after La Placita had filed its original complaint, 52 SW filed a complaint in county court for eviction of La Placita and Urribari, alleging that it was entitled to terminate the lease and evict them based upon the provision in the lease allowing a new owner to terminate the lease upon sixty days' notice. 52 SW did not attach a deed, an assignment of the lease, or other evidence of its status as landlord. La Placita answered the eviction complaint and argued that the property had been sold by the Garcias, but it denied that 52 SW owned the property. It alleged that Yatak had fraudulently induced La Placita to waive the right of first refusal. As a result, La Placita contended that 52 SW and Yatak should be estopped from enforcing the sixty-day termination of the lease based on their misconduct. It sought to enjoin Yatak and 52 SW from evicting them.

La Placita filed a counterclaim against 52 SW and Yatak, which contained the same allegations as in the subsequently filed second amended complaint addressed above. It did not attach any documents to its counterclaim. Yatak and 52 SW responded to La Placita's counterclaim to the eviction action by filing an answer and affirmative defenses. They attached a copy of La Placita's original complaint in the circuit court action, including the attached Asset Purchase Agreement and the Garcia lease. They also attached the written waiver of the right of first refusal.

After the filing of the second amended complaint, the county court entered an agreed order transferring 52 SW's eviction case to circuit court and consolidating it with La Placita's fraud action. 52 SW and Yatak moved for judgment on the pleadings on La Placita's counterclaim in the eviction action. For reasons that do not appear in the record, 52 SW withdrew its affirmative defenses to La Placita's counterclaim, and then it moved for judgment on the pleadings in the eviction action.

The court heard all three motions for judgment on the pleadings, and, after argument, ruled on each of them. The court dismissed the second amended complaint based upon its review of the Asset Purchase Agreement and waiver. It granted judgment of eviction based upon 52

3

SW's ownership of the property, the lease term allowing a new owner to terminate the lease, and written notice to La Placita, all of which it referred to as undisputed. The court also found that the affirmative defenses were not legal defenses to the complaint for eviction under Florida law. As to La Placita's counterclaim, the court relied on the unsigned Asset Purchase Agreement, as well as the written waiver of the right of first refusal, to find that Yatak and 52 SW were entitled to judgment on the pleadings. From these rulings, La Placita appeals.

Preliminarily, we note that although the court consolidated the two cases, a motion to dismiss for failure to state a cause of action or a motion for judgment on the pleadings must be determined solely by the examination of the complaint and its related documents, not the documents in the consolidated case. In *Santiago v. Mauna Loa Investments, LLC*, 189 So. 3d 752 (Fla. 2016), the supreme court discussed the effect of consolidation in ruling on a dismissal for failure to state a cause of action. The Third District had reversed a judgment in consolidated cases, determining that the complaint against the defendant in one of the consolidated cases did not state a cause of action by relying on documents attached to the complaint in the other consolidated case. *Id.* at 754-55. On petition for review, the Florida Supreme Court quashed the Third District Court of Appeal's opinion because that court had improperly gone outside the four corners of the complaint in determining the sufficiency of the complaint to state a cause of action:

> The district court's examination of one complaint and its attachments to determine the sufficiency of a separate complaint to state a cause of action clearly contravenes the longstanding four-corners rule explained above. And to the extent that the district court reached this conclusion based on the consolidation of the cases, the district court also improperly merged the [complaints from the two consolidated cases]. "Consolidation does not merge suits into a single cause or change the rights of the parties, or make those who are parties in one suit parties in another. Rather, each suit maintains its independent status with respect to the rights of the parties involved."

*Id.* at 757 (citation omitted). The court explained that the sufficiency of a complaint to state a cause of action must be determined solely by the examination of the complaint and its related documents, not the documents in the consolidated case. *Id.* These principles of law apply to the complaints in these consolidated cases, and we address each complaint separately.

4

**Standard of Review**

An order on a motion to dismiss for failure to state a cause of action is reviewed de novo. *See Rivera v. Torfino Enters., Inc.*, 914 So. 2d 1087, 1088 (Fla. 4th DCA 2005). "When ruling on a motion to dismiss for failure to state a cause of action, the trial court must 'treat as true all of the . . . complaint's well-pleaded allegations, including those that incorporate attachments, and look no further than the . . . complaint and its attachments.'" *Morin v. Fla. Power & Light Co.*, 963 So. 2d 258, 260 (Fla. 3d DCA 2007) (footnote omitted) (quoting *City of Gainesville v. Fla. Dep't of Transp.*, 778 So. 2d 519, 522 (Fla. 1st DCA 2001)). In ruling on a motion to dismiss a complaint for failure to state a cause of action, "[t]he court 'must confine itself strictly to the allegations within the four corners of the complaint.'" *Pizzi v. Cent. Bank & Tr. Co.*, 250 So. 2d 895, 897 (Fla. 1971) (quoting *Kest v. Nathanson*, 216 So. 2d 233, 235 (Fla. 4th DCA 1968)).

"A motion for judgment on the pleadings is governed by the same legal test as a motion to dismiss for failure to state a cause of action." *Lutz v. Protective Life Ins. Co.*, 951 So. 2d 884, 889 (Fla. 4th DCA 2007). To grant a judgment on the pleadings, a trial court must find that based on the pleadings, the movant is entitled to judgment as a matter of law. *Krieger v. Ocean Props., Ltd.*, 387 So. 2d 1012, 1013-14 (Fla. 4th DCA 1980). It is improper to enter judgment on the pleadings if there are factual issues to be resolved. *Id.* at 1014. And in considering a motion for judgment on the pleadings, the court is precluded from relying on matters outside the pleadings. *Id.* at 1013.

**La Placita's Second Amended Complaint**

The trial judge entered both a dismissal of La Placita's second amended complaint for failure to state a cause of action and a judgment on the pleadings on the same complaint. It relied on the unsigned Asset Purchase Agreement and the waiver of La Placita's right of first refusal. Neither document was attached to the amended complaint. Thus, the court erred in entering judgment on documents on matters outside the pleadings.

This case is similar to *Oceanside Plaza Condominium Ass'n v. Foam King Industries, Inc.*, 206 So. 3d 785, 787 (Fla. 3d DCA 2016). There, a condo association sued a roofing company, alleging faulty roofing materials and installation. *Id.* at 786. The original complaint and first amended complaint were dismissed because of a statute of limitations bar. *Id.* A second amended complaint was filed that changed the allegations so that the faulty roofing was discovered the day before the limitations period expired. *Id.* The roofer filed a motion to dismiss the second amended

complaint. *Id.* The trial court reviewed the first amended complaint along with the second amended complaint, and it determined that the facts contradicted the facts of the second amended complaint. *Id.* Because of the variance, the trial court granted the motion to dismiss. *Id.* The appellate court reversed. The court noted that the filing of an amended complaint constituted an abandonment of the original complaint. *Id.* at 787. As the first amended complaint was superseded, it "could no longer be viewed as a pleading." *Id.* (quoting *Babb v. Lincoln Auto Fin. Co.*, 133 So. 2d 566, 568 (Fla. 3d DCA 1961)). Thus, because the court improperly considered pleadings outside the second amended complaint, it erred in granting the motion to dismiss. *Id.*

In this case, the court relied on the Asset Purchase Agreement attached to the original complaint. The original complaint was dismissed, and the exhibit was not attached to the second amended complaint. The waiver also relied on by the court was not attached to any pleading in this case. Therefore, the court erred in considering these documents when granting the motion to dismiss and motion for judgment on the pleadings. As to the motion to dismiss, the complaint stated a cause of action for each of the counts.

**Judgment of Eviction**

La Placita argues that the court erred in granting judgment on the pleadings in 52 SW's complaint for eviction because the allegations of the complaint were disputed in the answer. "In ruling on a motion for judgment on the pleadings[,] material allegations of the moving party which have been denied are taken as false." *First Fin. USA, Inc. v. Steinger*, 760 So. 2d 996, 997 (Fla. 4th DCA 2000) (quoting *Windle v. W.W. Windle Co.*, 731 So. 2d 36, 37 (Fla. 4th DCA 1999)). "Judgment on the pleadings may be granted only if, on *admitted* facts, the moving party is clearly entitled to judgment as a matter of law." *Krieger*, 387 So. 2d at 1013-14 (emphasis added).

The eviction complaint alleged that 52 SW owned real property leased by La Placita. However, La Placita responded in its answer to the eviction complaint that it was "without knowledge and [could] neither deny nor admit" this ownership allegation. Florida Rule of Civil Procedure 1.110(c) requires these allegations to "operate as a denial." Thus, for purposes of the motion for judgment on the pleadings, the allegations should have been taken as false. La Placita also denied that it had been notified of the sale of the property and contested 52 SW's standing to evict, contending that it was not a party to the lease. As there was a plethora of facts which were required to be taken as false for the purposes of the motion for

6

judgment on the pleadings, the court erred in entering the judgment for eviction based upon the motion for judgment on the pleadings.

## La Placita's Counterclaim against 52 SW and Yatak

The counterclaim of La Placita against 52 SW and Yatak was nearly identical to the consolidated complaint filed by La Placita. Unlike the consolidated complaint, the Asset Purchase Agreement and waiver were attached to the answer filed by 52 SW and Yatak, as they attached the entire original complaint filed by La Placita in the consolidated case. While the court's judgment on the pleadings in this case was not based upon documents outside the pleadings, that does not allow the trial court to grant judgment on the pleadings based upon the answer and affirmative defenses.

> "In considering such a motion, all material allegations of the opposing party's pleading are taken as true, and all of the movant's allegations which have been denied are taken as false. Since the answer requires no responsive pleading, all allegations contained therein are deemed denied." *Butts v. State Farm Mut. Auto. Ins. Co.*, 207 So. 2d 73, 75 (Fla. 3d DCA 1968) (citations omitted). Where, as here, there has been no reply to the affirmative defense of res judicata, it is deemed to be denied, and therefore false.

*Jaramillo v. Dubow*, 588 So. 2d 677, 677-78 (Fla. 3d DCA 1991); *accord Ferris v. Ferris*, 660 So. 2d 418, 418 (Fla. 4th DCA 1995). Thus, in this case, the allegations in appellees' answer and affirmative defense to La Placita's counterclaim must be deemed denied and false. Therefore, the trial court could not rely on them and the attached documents, as it did, in granting judgment on the pleadings. It also could not rely on the affirmative defenses, as they had been withdrawn by 52 SW by the time of the hearing on the motions.

In conclusion, in entering each judgment on the pleadings, the court erred in considering matters outside the pleadings, as well as in relying on allegations deemed false for purposes of the motion. We therefore reverse and remand for further proceedings in both of the consolidated cases.

DAMOORGIAN and LEVINE, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***