109 So.2d 778 (1959)
RIVIERA PRINTING COMPANY, Appellant,
v.
HESSLER'S, INC., Appellee.
No. 58-564.
District Court of Appeal of Florida. Third District.
March 19, 1959.
Charles T. Branham, Jr., and Curtis A. Myers, Coral Gables, for appellant.
Donald G. MacKenzie, Miami, for appellee.
PEARSON, Judge.
The plaintiff appeals from a summary final judgment entered in a breach of contract suit. The complaint alleged an oral agreement for a corporate merger, and claimed damages for the breach of special provisions. Upon defendant's motion for summary judgment it appeared without genuine issue of material fact that the terms of the contract alleged could not be established under the rules of evidence, and that if established as alleged the enforcement of the contract would be barred by the Statute of Frauds, §§ 725.01, 725.02, Fla. Stat., F.S.A. Summary judgment upon the attempt to recover damages for the breach of the contract was therefore properly entered.
*779 It further appeared from the pleadings, depositions and affidavits on file that the plaintiff has a cause of action against the defendant in general assumpsit. This is true because plaintiff submitted evidence that it had transferred valuable assets to the defendant pursuant to provisions of the alleged oral contract. The final summary judgment as entered would be a bar to any future recovery upon this latter right of action. See Prall v. Prall, 58 Fla. 496, 50 So. 867, 26 L.R.A.,N.S., 577; Gordon v. Gordon, Fla. 1952, 59 So.2d 40.
A motion for summary judgment is distinguished from motions provided under Rule 1.11, Florida Rules of Civil Procedure, 30 F.S.A., in that it is designed to be determined primarily upon an application of the law to the facts of the case. Since the plaintiff brought forward sufficient facts to require a trial if he had properly pleaded his case, he should not be foreclosed from the proof of such facts.
A portion of the rule governing summary judgment, Rule 1.36, Florida Rules of Civil Procedure, 30 F.S.A., which is unfortunately seldom used, provides as follows:
"(d) Case Not Fully Adjudicated on Motion. If on motion under this rule judgment or decree is not rendered upon the whole case or for all the relief asked and a trial, or the taking of testimony and a final hearing, is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial or final hearing of the action the facts so specified shall be deemed established, and the trial or final hearing shall be conducted accordingly."
We hold that the above quoted portion of the rule should be applied in this case in order to accomplish substantial justice which is always the object of the rules. Therefore the judgment is affirmed insofar as it held that the plaintiff cannot recover upon the case made by his complaint but reversed insofar as it is made a final judgment disposing of the action. The cause is remanded to the trial court with directions to enter an order in accord with the views expressed in this opinion and such order shall set the terms under which the plaintiff shall be allowed to amend its complaint if it shall be so advised.
Affirmed in part, reversed in part, and remanded with directions.
CARROLL, CHAS., C.J., and HORTON, J., concur.