418 So.2d 1078 (1982)
Robert ELMORE and Hardrives Company, Inc., Appellants/Cross-Appellees,
v.
ENTERPRISE DEVELOPERS, INC., a Dissolved Florida Corporation, Enterprise Properties, Ltd., a Partnership, Lester A. Byron, Individually and D/B/a Lester A. Byron Associates, and Gateway Industrial Center, a Corporation, Appellees/Cross-Appellants.
No. 81-52.
District Court of Appeal of Florida, Fourth District.
August 4, 1982.
Rehearings Denied September 16, 1982.
Kenneth G. Stevens of Dale & Stevens, Fort Lauderdale, for appellants/cross-appellees.
Paul Regensdorf, John W. Fleming and William D. Ricker, Jr., of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellees/cross-appellants.
ANSTEAD, Judge.
This is an appeal and cross-appeal from a final judgment which adjudicated the rights of the parties resulting from a series of business transactions between the parties commencing in 1967.
The main dispute between the parties involves the interpretation of the language in an option agreement entered into between Robert Elmore and Enterprise Developers, Inc. which granted Enterprise the right to repurchase some 60 acres of land Enterprise originally conveyed to Elmore. The land was purchased by Elmore for purposes of removing rock and gravel therefrom to use in Elmore's road paving business. The option agreement specified that the land could be repurchased by Enterprise for one price if Elmore actually elected to mine the land and another price if Enterprise did not elect to mine the land or any portion thereof. At the time the option agreement was executed the parties did not know whether the land contained materials suitable for mining. Subsequently, Elmore did mine the land, or a substantial portion *1079 thereof, although the parties are in dispute as to how much of the land was mined. However, when Enterprise attempted to exercise its rights under the option agreement the parties could not agree as to the price. Although each side initially claimed that the agreement was clear and unambiguous in its favor, the trial court determined that the agreement was ambiguous and upon trial each side presented substantial extrinsic evidence supporting its interpretation. The trial court ultimately accepted Enterprise's view of the meaning of the agreement.
On appeal Elmore does not challenge the trial court's ruling that the agreement was ambiguous and was subject to interpretation in the light of extrinsic evidence. Indeed, it appears that it was Elmore's counsel, in the face of the contention by Enterprise that the agreement was clear and unambiguous, that convinced the trial court that the agreement was ambiguous and that both sides were entitled to submit extrinsic evidence as to its meaning. Elmore claims, however, that the trial court's ruling is totally unreasonable and patently erroneous. We cannot agree.
Ordinarily, the construction placed on the terms of an agreement by a trial court must be accepted by a reviewing court unless the construction is clearly erroneous. McTeague v. Treibits, 388 So.2d 309 (Fla. 4th DCA 1980). Where the language of a contract is ambiguous or uncertain in meaning, the court may receive evidence extrinsic to the contract for the purpose of determining the intent of the parties at the time they executed the contract. Gulf Cities Gas Corp. v. Tangelo Park Service Co., 253 So.2d 744 (Fla. 4th DCA 1971). In such cases, where the provisions of the contract are susceptible of two or more meanings and there is substantial competent evidence in the record to support the meaning adopted by the trial court, we are bound to affirm that ruling just as we would be bound to sustain a finding of fact made by the trial court on disputed issues of fact. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). The resolution of such issues is perhaps the primary function of a trial court and appellate judges are not entitled to substitute their views for that of the trial court even when they, had they been the triers of fact, would have come to a different conclusion.
In this case the parties each presented substantial evidence to support their views of the intent of the parties at the time of entering into the option agreement. The appellants do not deny the existence of the conflicting evidence. Rather, they now contend that instead of there being two or more possible meanings of the contract, there is only one reasonable interpretation: the one advocated by them. In other words, appellants now contend that the agreement is not ambiguous but is susceptible of only one interpretation. We cannot agree. First, we are faced with a record wherein appellants' counsel emphatically urged the trial court to determine that the agreement was ambiguous and should be interpreted in the light of extrinsic evidence presented by the parties. More importantly, however, upon review of the option agreement we agree that the provisions in question are ambiguous and that the trial court's decision to receive extrinsic evidence, as urged by appellants, was correct. Moreover, we do not believe that the trial court's construction of the contract was patently erroneous, regardless of the fact that the members of this panel, limited to a consideration of the appellate record, may have construed the contract in favor of the appellants if they had been trying the issue. Given the existence of an ambiguity and of evidence to support the trial court's interpretation, we are simply not authorized to retry the issue.
We have also examined the other nine points raised by appellants and find no reversible error except as to the trial court's denial of interest on a $10,000.00 note which matured in 1970 and the amount of time the trial court provided for removal of the materials stockpiled on the land. The record reflects that the original tender of payment on the note was conditional and therefore ineffective in barring a later claim for interest. Subsequently, however, and after *1080 legal proceedings were instituted, it appears that an unconditional tender was made. Upon remand the trial court should allow interest from the date of maturity of the note until the date the trial court determines an unconditional tender was submitted. We also agree with appellants that upon remand the trial court should conduct a hearing to determine a reasonable time within which the stockpiled materials can be removed. We find no merit in either of the two issues raised on cross-appeal.
Accordingly, we affirm the judgment and orders of the trial court except as to the matters specifically set out above and remand this cause to the trial court for further proceedings consistent herewith.
HERSEY, J., and OWEN, WILLIAM C., Jr., (Retired) Associate Judge, concur.