PER CURIAM.
The parties, Jennings Country Club Homes, Inc., hereinafter referred to as Jennings, and General Capital Corporation, hereinafter referred to as Capital, entered into an agreement providing for Capital to lend a large sum of money to Jennings to purchase sixty-five lots on which to construct residential houses and to then offer the houses for sale to the public. In addition to interest provided for in the note, Capital would receive forty per-cent of the profits from the sale of the improved or unimproved lots, as additional compensation for the loan. By its terms the note came due in two years. The contract provided in part as follows:
At the end of two (2) years from the date hereof any balance remaining unpaid, together with interest, shall become due and payable.
After the note was paid and the mortgage satisfied, Capital recorded the agreement [1] and demanded forty per-cent of the profits on all the lots developed and sold prior to the expiration of the two years and forty per-cent of the profits on all the lots to be developed and/or sold subsequent to the two years.
Jennings ultimately denied that they owed any portion of the profits in the lots or houses, sold after the initial two year period.
Following a consolidation of suits, one filed by Jennings seeking a declaratory judgment and another filed by Capital seeking an accounting, the trial judge entered a final summary judgment holding that the contract was unambiguous and that Capital was entitled to forty per-cent of the profits made on the sale of each lot or house.
We reverse. The agreement was prepared by the attorney for Capital. The trial judge in his order under review demonstrated that he had to go outside of the agreement to determine its effect.[2] The agreement is subject to two different constructions, therefore, the matter should not have been determined in a summary judgment proceeding, even if the ultimate trial will be before the trial court without a jury. Hurt v. Leatherby Insurance Company, 380 So.2d 432 (Fla.1980); Landin Ltd., v. The Loxahatchee River Environmental Control District, 416 So.2d 482 (Fla. 4th DCA 1982); *1107 Goldbloom v. J. I. Kislak Mortgage Corporation, 408 So.2d 748 (Fla. 3d DCA 1982); Kirsh v. Mannen, 393 So.2d 63 (Fla. 3d DCA 1981); Sol Walker & Company v. Seaboard Coast Line Railroad Company, 362 So.2d 45 (Fla. 2d DCA 1978); Morton v. Morton, 307 So.2d 835 (Fla. 3d DCA 1975); Westchester Fire Insurance Company v. In-Sink-Erator, 252 So.2d 856 (Fla. 4th DCA 1971).
Therefore, we return this matter for a trial on the issues as made on the pleadings.[3]
Reversed and remanded with directions.

. The agreement, the note and the mortgage were all signed at the same conference. The mortgage was properly notarized so that it could be recorded. There was no provision on the agreement itself for notarization. After all the documents had been signed and the representative of Jennings had left the conference, Capital caused its signature to be notarized, in order that the document could be recorded and it, in fact, was recorded, subsequent to the satisfaction of the mortgage and served as the basis of Capital securing a lis pendens on the unsold lots. It was only after the contract was recorded that Jennings learned about the notarization.

. “This cause came on to be heard before me upon GENERAL CAPITAL CORP.’s Motion for Partial Summary Judgment ... the Court having heard argument of counsel, reviewed the pleadings, depositions and affidavits on file, finds that the agreement of June 15, 1978 between GENERAL CAPITAL CORP. and JENNINGS COUNTRY CLUB HOMES, INC. is clear and unambiguous on its face, and that GENERAL CAPITAL CORP. is entitled to receive 40% of the profits as described in said agreement upon the sale of the lots and/or homes constructed on said lots without time limitation.”

. Jennings raised the doctrine of unclean hands as applied to Capital, because of the events surrounding the affixing of the notarization seal to the original agreement and to the recording of same. We do not pass on this point, because it should be initially decided by the trial court on the issues as made by the pleadings and the evidence tendered in support thereof.