ANSTEAD, Judge.
Appellant Olen Johnson appeals from an order adopting the report and amended report of the general master in a modification proceeding; appellee Camille Ann Johnson cross appeals.
The Johnsons’ twenty-seven year marriage was dissolved by final judgment rendered in 1973. At that time the wife was sixty and husband fifty-two. There were no minor children. Although she was unemployed, it was apparently expected that within a reasonable period of time she would be self-sustaining. Based on these circumstances the trial court awarded her exclusive possession of the marital residence for two years with the husband required to make the mortgage payments, and permanent periodic alimony of $200 monthly to be reduced to $100 at the end of two years.
In 1975, the wife’s petition for modification was granted by a different trial judge extending her right to remain in the house for an additional five years and increasing the amount of alimony to $225 per month. The court found that the wife’s needs had substantially increased and that she had not been rehabilitated due to a deteriorating medical condition which rendered her unable to work, while the husband’s financial circumstances had improved. ~
In 1979 the original trial judge granted the husband’s motion to terminate alimony and partition the realty. However, the wife appealed and this court reinstated the 1975 order and remanded for further proceedings in an opinion which detailed the factual circumstances of the parties. Johnson v. Johnson, 386 So.2d 610 (Fla. 4th DCA 1980).
On remand, the case was referred to a master. Following a trial the master recommended that the husband be required to pay the arrears in alimony and the wife’s attorney’s fees; that the wife’s exclusive possession of the house be extended an additional three years with the husband continuing to pay the mortgage; and that the wife’s application for an increase in alimony be denied. The husband filed objections to the master’s report and sought an order terminating the alimony and partitioning the marital home. After a hearing, the trial court entered an order adopting the master’s recommendations and rejecting the husband’s objections.
On appeal the husband claims that the trial court erred in not terminating alimony and ordering the sale of the marital home. The wife claims she is entitled to greater periodic alimony and attorneys fees, and permanent possession of the marital home. We find no error except as to the trial court’s determination of the amount of alimony to which the wife is entitled.
The history of this case is accurately recited in our prior opinion and does not merit repetition here. Suffice it to say that it has been determined as a matter of fact that the appellee has not been able to rehabilitate herself. That being the case, she is entitled to reasonable support predicated generally upon her needs and the husband’s ability to pay. O’Neal v. O’Neal, 410 So.2d 1369 (Fla. 5th DCA 1982). Given the correctness of the trial court’s conclusion that the wife was unable to rehabilitate herself and is unable to support herself, we believe she is entitled to a greater *456 amount of support than that allocated by the master and approved by the trial court.
In most instances we would also determine the minimum amount of alimony that the wife should receive based upon our review of the record. However, in this case we believe it is more appropriate that the trial court make that determination. We conclude so for several reasons. It appears that one of the reasons the trial court limited the amount of alimony was because the wife was also receiving Veterans Administration benefits. However, the record also reflects that those benefits are reduced by the amount the wife receives from other income, including alimony. If this is the case then the husband’s payments, at least up to the amount of government benefits already being received, are not really adding to the wife’s support. However, the record also reflects her apparent need for more support than she is presently receiving. Her proof in this regard has not been substantially challenged by the husband. There is also evidence that the husband was contemplating retirement and a resulting reduction in income in the near future. We cannot determine with any certainty whether the trial court anticipated this development in resolving the alimony issue. For these reasons, and our natural antipathy toward setting the amount of alimony, we remand this case with directions that further proceedings be conducted in the trial court on the alimony issue and that an order be entered containing specific findings of fact as to the needs of the wife and the husband’s ability to pay and any other factors bearing on the court’s determination of the wife’s entitlement to alimony.
Accordingly, we affirm in part, reverse in part, and remand for further proceedings consistent herewith.
HERSEY, J., and OWEN, WILLIAM C., Jr. (Retired) Associate Judge, concur.