SHARP, Judge.
Clermont Builders Supply, Inc., appeals from the trial court’s dismissing with prejudice four counts of a multi-count second amended complaint, and the court’s striking of any demand for attorney’s fees in one count which remained for further disposition. We affirm in part and dismiss the balance of the appeal.
Counts V, VI, VII and IX were directed against the defendant C & H Construction, Inc. Clermont sought to recover money due for goods and materials delivered to General Construction & Design, Inc. but used by C & H. Counts V, VI and IX were dismissed with prejudice. Count VII alleged a claim against C & H for an amount due on a stated account, to which the defendant did not object. It was not dismissed, but appellant’s demand for attorney’s fees in Count VII was stricken. It appears from the exhibits and the allegations of the complaint that each of these counts claimed recovery under different theories of the same amount due for the same goods delivered to General Construction and used by C & H.
Although not raised by appellee, we dismiss this part of the appeal sua sponte because it is clearly not an appeal from a final order under Mendez v. West Flagler Family Association, Inc., 303 So.2d 1 (Fla.1974). As long as Count VII remains for disposition, we do not have jurisdiction to consider dismissal of the other counts concerning C & H Construction Company. North Indialantic Homeowners Association, Inc. v. Bogue, 390 So.2d 74 (Fla. 5th DCA 1980).
Only one count (Count VIII) of the second amended complaint was directed at the defendant, Antonio Huerta. It was dismissed with prejudice by the trial court, thereby dropping Huerta as a party from this lawsuit. Case law establishes this is an exception to the nonappealability of a partial final disposition of a case. Niesz v. Morgan Building, Co., Inc., 401 So.2d 822 (Fla. 5th DCA 1981). Accordingly, we reach the merits of the lower court’s dismissal of this count.
*520 Count VIII alleged Huerta was liable to Clermont because he signed a guaranty agreement for C & H which was attached to the complaint as an exhibit. The document lacks language which expresses liability for materials delivered to General Construction in the past. It speaks only of materials to be delivered to C & H in the future.[1] No allegation in Count VIII attempts to alter the impact of this clear language, and there is no doubt the materials in this case had been delivered to General Construction before the guaranty was signed. We therefore accept the trial court’s construction of the document,[2] particularly since Clermont provided this guaranty form to C & H and Huerta for use in this transaction.[3] Therefore, we affirm the part of this appeal dealing with Huerta and Count VIII.
AFFIRMED AS TO APPELLEE HUERTA; APPEAL DISMISSED AS TO AP-PELLEE C & H CONSTRUCTION, INC.; AND REMANDED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.

.The guarantee contained the following language:
We hereby authorize materials ordered by any authorized buyer listed above to be delivered to the job site without signature if no one is on the job to sign when delivery is made.
In the event credit is extended to the firm making this application, whether it be a corporation, partnership, proprietorship or other entity, the undersigned person or persons, individually, hereby personally guaranties payment in full of all accounts due for materials purchased from Clermont Builders Supply, Inc. by the above-named applicant, and in case it becomes necessary to place his account in the hands of an attorney for collection, I (or we) agree to pay a reasonable attorney’s fee for making such collection.

. Elmore v. Enterprise Developers, Inc., 418 So.2d 1078 (Fla. 4th DCA 1982).

. Hurt v. Leatherby, Ins. Co., 380 So.2d 432 (Fla.1980) (ambiguities in a written instrument are generally construed against the drafter).