430 So.2d 998 (1983)
GENERAL GMC TRUCK SALES AND SERVICE, INC., Appellant,
v.
J.D. SIMM and Rosemary Simm D/B/a Simm-Lines, Appellees.
No. 82-904.
District Court of Appeal of Florida, Fourth District.
May 11, 1983.
Charles A. Nugent, Jr. of Cone, Wagner, Nugent, Johnson, Hazouri & Roth, P.A., West Palm Beach, for appellant.
Richard A. Henry of Sims & Henry, West Palm Beach, for appellees.
GLICKSTEIN, Judge.
This is an appeal from a final judgment on the pleadings entered in favor of a buyer against the seller of a specially modified truck. We reverse and remand.
The seller's amended complaint alleged that the parties entered into an oral agreement for the sale and purchase of the truck at a price of $27,754.72; that the buyer simultaneously delivered to the seller its deposit of $1,100; that within two months, the truck had been modified and was delivered to the seller but that the buyer refused to perform its remaining obligations under the agreement; that the seller expended a material sum for the design and modification of the truck; and that it had been unable to sell the truck to anyone else. The buyer's motion to dismiss the amended complaint was denied. In its subsequent answer, the buyer denied all of the seller's allegations and pled the following affirmative defenses:
1. Plaintiffs reduced to writing on their own form titled "Retail Order for a Motor Vehicle" the entire agreement of the parties. Said document contains the following languate [sic] ... "The front *999 and back of this Order comprise the entire agreement affecting this purchase and no other agreement or understanding of any nature concerning same has been made or entered into, or will be recognized." A true copy of said document is attached hereto and made a part hereof as Exhibit "A".
2. Said written Agreement states on its face ... "THIS IS NOT A BINDING CONTRACT."
The trial court recognized only the affirmative defenses; and although the exhibit is not attached to the pleading as alleged, our decision is predicated upon the actual existence of the exhibit as if it were so attached and reads as alleged.
We reverse as the trial court's decision was literally based on form over substance. Appellant's amended complaint created factual issues; and it was error to ignore the allegations made therein. As this court said in McAbee v. Edwards, 340 So.2d 1167, 1168 (Fla. 4th DCA 1976):
Since the judgment under review is one on the pleadings entered upon motion of the defendants-appellees, all well pleaded allegations of the nonmoving party (appellant) are taken to be true while those of the movants (appellees) that have been denied are taken as false. Butts v. State Farm Automobile Mutual Ins. Co., 207 So.2d 73 (3d DCA, Fla. 1968).
See also City of Miami v. J.C. Vereen & Sons, Inc., 359 So.2d 533, 535 (Fla. 3d DCA 1978), which held:
The function of a motion for judgment on the pleadings is the same as a former common law demurrer. The well-pleaded allegations of the party opposing the motion are to be taken as true, and all allegations of the moving party which have been denied are taken as false. Wagner v. Wagner, 196 So.2d 453 (Fla. 4th DCA 1967). Such a motion raises questions of law arising on the pleadings. Miller v. Eatmon, 177 So.2d 523 (Fla. 1st DCA 1965). Even when a motion for judgment on the pleadings is treated as a motion for summary judgment, it is to be heard wholly on the pleadings, without aid of facts dehors the pleadings. Reinhard v. Bliss, 85 So.2d 131 (Fla. 1956); Butts v. State Farm Mutual Automobile Ins. Co., 207 So.2d 73 (Fla. 3d DCA 1968). The procedure is designed to be primarily for application of the law to the facts. Riviera Printing Co. v. Hessler's, Inc., 109 So.2d 778 (Fla. 3d DCA 1959). Judgment may be granted only if, on the facts admitted for the purpose of the motion, the moving party is clearly entitled to judgment as a matter of law. Paradise Pools, Inc. v. Genauer, 104 So.2d 860 (Fla. 3d DCA 1958); Miller v. Eatmon, supra.

By its motion, the buyer admitted the allegations of the amended complaint. Having so admitted them, it was not entitled to judgment as a matter of law based on an alleged "nonbinding written contract." The document appears to be antithetical to the parties' alleged oral contract and to have been completely disregarded by them as viewed from the seller's amended complaint.
BERANEK, J., concurs.
LETTS, C.J., concurs in conclusion only.