435 So.2d 383 (1983)
Arthur D. STEBBINS, Appellant,
v.
Barbara D. STEBBINS, Appellee.
No. 82-1159.
District Court of Appeal of Florida, Fifth District.
July 28, 1983.
*384 Charles N. Prather, P.A., Orlando, for appellant.
Kenneth R. Washburn of Lavigne & Washburn, P.A., Winter Park, for appellee.
COBB, Judge.
This is an appeal by the former husband, Arthur R. Stebbins, from a post-judgment order (herein designated a final judgment) modifying his alimony payments to his former wife, Barbara D. Stebbins, emanating from a final judgment of dissolution entered on September 28, 1979. Pursuant to an agreement of the parties, the final judgment required the appellant to pay $640 per month alimony for three years and, thereafter, the amount of $350 per month until July 1, 1995.
A provision in the First Addendum to the Property Settlement Agreement declared:
The parties agree that neither shall file any modification proceedings as to alimony or support matters herein based on an increase of the income of either party.
In September, 1981, Barbara Stebbins filed a petition for modification. A hearing was held April 1, 1982, and the trial court entered a "Final Judgment" modifying alimony. In this "judgment," the court made several findings:
In the First Addendum to the Property Settlement the parties agreed "that neither shall file any modification proceedings as to alimony or support matters herein based on an increase in the income of either part." Section 61.14, Florida Statutes (1981) gives the Court the power to adjust alimony with due regard to changed circumstances or the financial ability of the parties. Statute and public policy override contractual provisions. Where the alimony obligation is based on agreement, a heavier burden is on the applicant to establish the change as sufficient. Johnson v. Johnson, 386 So.2d 14 (Fla. 5th DCA 1980). This case also holds that whether or not a sufficient change in circumstances occurred requires the consideration of the totality of the parties' circumstances. Goldin v. Goldin, 346 So.2d 107 (Fla. 3rd DCA 1977) holds that Section 61.14, Florida Statutes "gives a trial court jurisdiction to enter orders as equity requires upon a petition for modification of a separation and property settlement agreement as incorporated in a divorce decree based on a change in financial circumstances on the part of either party to the marriage dissolution." See also, Turner v. Turner, 383 So.2d 700 (Fla. 4th DCA 1980) which quotes the above and also at page 702 holds, "alimony is based on the needs of one party and the concomitant ability of the other party to pay."
* * * * * *
At the time of dissolution Colonel Stebbins' net income was $2,566.67. On April 1, 1982 his net income was $3,661.90 a *385 month on a gross income of $4,835.49 and in the 46% income tax bracket. This was an increase of 43% during the three years since the dissolution.
* * * * * *
The Court having considered the income of Colonel Stebbins, therefore:
CONSIDERS, ORDERS, and ADJUDGES that commencing on July 1, 1982 the husband shall pay to the wife the sum of $750.00 per month as permanent, periodic alimony... .
It is beyond reasonable dispute that the trial judge considered the contractual agreement between the parties prohibiting any modification based on an increase in income as invalid  or, as he put it, overridden by public policy. This, clearly, is error. Kilpatrick v. McLouth, 392 So.2d 985 (Fla. 5th DCA 1981); Muss v. Muss, 390 So.2d 415 (Fla. 3d DCA 1980); Turner v. Turner, 383 So.2d 700 (Fla. 4th DCA), review denied, 392 So.2d 1381 (Fla. 1980). It is equally clear, from a reading of the "judgment," that the amount of the increase in the former husband's income was a significant consideration utilized by the trial judge in his determination to increase the monthly alimony award to $750.
In view of the agreement of the parties that the alimony would be periodic until the year 1995, we question the trial court's consideration of altering that classification to "permanent" some twelve years in advance. In view of our reversal of this cause, however, we need not consider that issue at this time.
The "judgment" dated July 19, 1982, is reversed, and this cause remanded for further hearing of appellee's motion for modification, upon due notice to the parties, and without consideration of the increase in the income of Arthur Stebbins, in accordance with the contractual agreement of the parties.
REVERSED and REMANDED.
COWART, J., concurs.
SHARP, J., dissents with opinion.
SHARP, Judge, dissenting.
I respectfully dissent. The trial judge may have given a wrong reason for his conclusion that a modification of the dissolution judgment was appropriate, but his other findings and the evidence presented thoroughly justify his decision. As our supreme court said in Firestone v. Firestone, 263 So.2d 223 (Fla. 1972):
In reaching this conclusion we have considered the elementary theory that a trial court's judgment, even if insufficient in its findings, should be affirmed if the record as a whole discloses any reasonable basis, reason or ground on which the judgment can be supported. In other words, the findings of the lower court are not necessarily binding and controlling on appeal, and if these findings are grounded on an erroneous theory, the judgment may yet be affirmed where appellate review discloses other theories to support it.
Id. at 225.
In this case, the parties agreed that no modification could be sought based on the increased income of either party. This related to the initial threshold question: has there been a substantial change in circumstances? That question was thus limited to exclude the consideration of increased income. The record and findings of the trial judge establish that the economic situation of the wife had drastically deteriorated in the years after the dissolution. The threshold question of substantial change of circumstances should be affirmed by us on that basis.
Mrs. Stebbins was a military wife for twenty-seven years. She had only a high school education, no vocational skills, and at the time of the modification she was unemployed and had no employment possibilities. The trial court found:
Mrs. Stebbins had taken her half interest in the equity of their home (the Stebbins') and improvidently invested it in a gift shop business, which, due to economic factors and lack of skill on the part of Mrs. Stebbins, failed. In the ultimate close out, inventory was sold at a small part of its cost. While she received some *386 $23,000.00 gross, she only netted about $9,000.00 and then had to pay Jacqueline Davidson, for whom she had started as a sales clerk and then partner in this gift shop business, $10,000.00 borrowed from her. By the time of the hearing for modification, Mrs. Stebbins had a number of outstanding bills, a car with a loan on which she had to have a co-signer. She was not able to obtain needed glasses, go to the dentist for a year and a half and had a prescription for ulcers for some seven months that she was unable to fill. She was reduced to sharing a three bedroom mobile home with Jacqueline Davidson. Colonel Stebbins argued that Mrs. Stebbins' expenses are $418.00 less than at the time of the dissolution, but this is due to the bare bones living she was forced into due to her limited means and lack of skill in managing money and attempting a business that was highly competitive, subject to recession and about which she had little understanding... .
Once the threshold question of a substantial change of circumstances was passed by the trial judge, I do not think it was error for him to consider Colonel Stebbins' increased income and improved financial circumstances since the dissolution in setting the increased alimony awarded. The ability of the paying spouse to pay alimony is always a factor which must be considered in setting an award of alimony, be it initially[1] or in a modification proceeding. Johnson v. Johnson, 418 So.2d 454 (Fla. 4th DCA 1982); Nicolay v. Nicolay, 387 So.2d 500 (Fla. 2d DCA 1980); Carmel v. Carmel, 282 So.2d 6 (Fla. 3d DCA 1973). Had Colonel Stebbins suffered a drastic reversal of his economic circumstances at the time of the modification, I am sure the majority would agree it would be error for the trial judge not to consider his income, at the time of modification, in setting a new amount.
Similarly, I see no error in considering Colonel Stebbins' increased earnings in setting the new alimony amount, after proof of the substantial change in Mrs. Stebbins' circumstances. In my view, the settlement agreement only related to the threshold question of proof of substantial change of circumstances: "The parties agree that neither shall file any modification proceedings ... based on an increase of the income of either party." I agree with the trial judge's interpretation that, having passed this threshold question, increased income should be considered in setting the amount. Although the settlement may be somewhat ambiguous on that point, I think the trial judge's interpretation should be affirmed. Becker v. Becker, 433 So.2d 597 (Fla. 4th DCA 1983); Elmore v. Enterprise Developers, Inc., 418 So.2d 1078 (Fla. 4th DCA 1982).
Finally, I take issue with the majority's statement that the trial court possibly erred in making the periodic alimony award permanent rather than rehabilitative. The initial judgment probably should have awarded Mrs. Stebbins permanent alimony, given the length of the marriage, and her obvious lack of employment skills and resources. See, e.g., Nichols v. Nichols, 418 So.2d 1198 (Fla. 5th DCA 1982); Holland v. Holland, 406 So.2d 496 (Fla. 5th DCA 1981). At the time of the modification, when she had lost her sole capital asset [her one-half equity in the marital home], and had conclusively demonstrated she could not support herself, the appropriateness of a permanent alimony award was shown. I am unaware of any Florida case law or statute that requires a spouse awarded periodic rehabilitative alimony to wait until the end of the award period to seek a modification based on a substantial change of circumstances. Such a rule would create an additional obstacle to suits by needy spouses seeking modification of support awards. See Colucci v. Colucci, 392 So.2d 577 (Fla. 3d DCA 1980).
NOTES
[1] Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Firestone v. Firestone, 263 So.2d 223 (Fla. 1972).