455 So.2d 462 (1984)
Fred FINBERG, Appellant,
v.
HERALD FIRE INSURANCE COMPANY, Appellee.
No. 83-1850.
District Court of Appeal of Florida, Third District.
August 7, 1984.
Rehearing Denied September 17, 1984.
Kwitney, Kroop & Scheinberg and Richard I. Kroop, Miami Beach, for appellant.
*463 Jorden, Melrose & Schuette and Robert J. Schaffer and Mark D. Greenberg, Miami, for appellee.
Before SCHWARTZ, C.J., and HENDRY and FERGUSON, JJ.
PER CURIAM.
This is an appeal by plaintiff Finberg from a final summary judgment entered in favor of defendant Herald Fire Insurance Co.
Finberg filed a complaint for declaratory relief after Herald Fire Insurance Co. denied coverage for a motorcycle and a Porsche automobile which were destroyed in a fire when a gas clothes dryer located in Finberg's garage burst into flames. Herald Fire admitted it issued a homeowner's policy but denied coverage on the basis that the fire loss was excluded under Coverage C  Personal Property; that exclusion states that the company does not cover motorized land vehicles, except those used to service an insured's residence, which are not licensed for road use. Finberg responded by pointing to Definition 5 in the policy, which states in relevant part that a motorized land vehicle in dead storage on an insured location is not a motor vehicle.
The cause was heard on Herald Fire's motion for summary judgment. For purposes of the motion, the parties agreed that the vehicles were not used to service Finberg's residence. They further agreed that the vehicles were in dead storage.
The trial court found that the vehicles were excluded under Coverage C  Personal Property. The court additionally found that the definition [5] of "motor vehicle" in the policy was not applicable to the exclusion under Coverage C. Based upon these findings, the insurance company was granted a final summary judgment.
It is appellant's contention on appeal that the trial court erred in granting a summary judgment where there was ambiguity within the terms of the policy sufficient to create a question of fact.
The ambiguous language used in Coverage C and Definition 5 of the policy creates doubt as to when a motor vehicle is or is not a motor vehicle. It is fundamental that doubtful language in a contract should be interpreted most strongly against the party who selected that language. Hurt v. Leatherby Insurance Co., 380 So.2d 432 (Fla. 1980); Clermont Builders Supply, Inc. v. General Construction & Design, Inc., 423 So.2d 518, 520 n. 3 (Fla. 5th DCA 1982); Century National Bank v. Williams, 422 So.2d 1065 (Fla. 1st DCA 1982); Jennings Country Club Homes, Inc. v. General Capital Corp., 419 So.2d 1105 (Fla. 3d DCA 1982); MacIntyre v. Green's Pool Service, Inc., 347 So.2d 1081 (Fla. 3d DCA 1977).
The final summary judgment appealed is reversed. We find, however, that since Definition 5 of the policy states that a motorized vehicle in dead storage is not a motor vehicle and since, for purposes of the hearing on the motion for summary judgment appellee stipulated that the vehicles were in dead storage, there are no longer any disputed issues of fact and appellant is entitled to a final summary judgment as a matter of law. We remand for entry of final summary judgment in appellant's favor.
Reversed and remanded.