550 So.2d 16 (1989)
Hildelisa RODRIGUEZ, Appellant,
v.
Alejandro RODRIGUEZ, Appellee.
No. 87-2244.
District Court of Appeal of Florida, Third District.
July 18, 1989.
Rehearing Denied November 9, 1989.
*17 Kalisch & Lyons and Scott Kalisch, Miami, for appellant.
Roy Wasson, Miami, for appellee.
Before NESBITT and FERGUSON, JJ., and VANN, HAROLD R., Associate Judge.
PER CURIAM.
The wife appeals a final judgment in a dissolution proceeding contending that the trial court erred 1) in failing to equitably distribute the marital assets; and 2) in awarding inadequate permanent alimony. We find error and reverse.
The husband and wife were married thirty-one years. Five children were born of the marriage; all now have reached majority. The wife is fifty-six years old with a grade school education and no marketable skills. The parties were married when both were quite young. The wife assisted to a limited extent in the businesses of the husband and maintained the home. All the wealth and property involved in this proceeding were acquired during the marriage.
The trial court's findings of fact recited that the parties together owned real property valued approximately as follows: a Key West home, where the husband resides, valued at $60,000; two undeveloped Keys lots with a total value of $60,000, subject to a mortgage of $45,000 used to secure payments of a promissory note for the purchase of a Keys business, Alex's Auto Parts, Inc.; the Hialeah marital home, where the wife resides, valued at $60,000 and subject to a $10,000 mortgage; a vacant lot in Bronson City, valued at $3,000. Additionally, the trial court found in its final judgment:
The Husband and/or Wife own Alex's Auto Parts, Inc., Shrimp Road, Stock Island, Florida. This business was repurchased by Husband for approximately $105,000.00 (although this price was made up of items other than money), subject to a mortgage in the amount of $45,000.00. It is basically a personal business operated by Husband, and its market value as a business is uncertain.
As part of its final judgment of dissolution of marriage, the court ordered the above properties distributed as follows: the Hialeah home was awarded to the wife with the $10,000 mortgage to be assumed solely by the husband and paid within one year; the Keys home was awarded to the husband; the three vacant lots were awarded to the husband; the business, Alex's Auto Parts, Inc., was awarded solely and exclusively to the husband. Thus, in spite of the otherwise equitable distribution of real and personal property, the husband received Alex's Auto Parts, Inc. for himself alone.
The brunt of the husband's argument is that Alex's Auto Parts, Inc. is successfully run by the husband. It cannot be run by *18 the wife nor can it be sold profitably; therefore, faced with only these alternatives, the trial court correctly awarded that asset solely to the husband so that he could continue earning a living and paying alimony to the wife. We disagree with the proposition that those are the only alternatives at the trial court's disposal.
We acknowledge that "in limited circumstances, permanent periodic alimony may be used to balance such inequities as might result from allocation of income-generating properties acquired during marriage." Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla. 1980); Patterson v. Patterson, 315 So.2d 104 (Fla. 4th DCA 1975), cert. denied, 330 So.2d 20 (Fla. 1976). As a general rule, however, it must be remembered that permanent periodic alimony is terminated upon the death of either spouse or the remarriage of the receiving spouse. O'Malley v. Pan American Bank, 384 So.2d 1258 (Fla. 1980); Canakaris, 382 So.2d at 1202; In re Estate of Freeland, 182 So.2d 425 (Fla. 1965). Parties to a dissolution proceeding are entitled to equitable distribution of marital assets. Canakaris v. Canakaris, 382 So.2d at 1200; § 61.08, Fla. Stat. (1987). If the property was lawfully acquired by either or both parties after the marriage and enhanced during the marriage by marital labor or funds, that property is a marital asset. Miceli v. Miceli, 533 So.2d 1171 (Fla. 2d DCA 1988); Buttner v. Buttner, 484 So.2d 1265, 1266-67 (Fla. 4th DCA), review denied, 494 So.2d 1149 (Fla. 1986).
Alex's Auto Parts, Inc. clearly falls into the category of marital assets. It was purchased during the course of the marriage with assets earned during the marriage. We have no doubt that, under the facts of this case, the trial court abused its discretion in awarding Alex's Auto Parts, Inc. solely to the husband. The total award to the husband thereby was made double that which was awarded the wife, and the wife was not permitted to share any part of this marital asset.
In Carr v. Carr, 522 So.2d 880 (Fla. 1st DCA 1988), the court held that under no reasonable view could it be found that Mr. Carr's obligation to pay a relatively modest sum in periodic alimony offset his retention of the entire value of his medical practice, profit-sharing, and pension plans. In the present case, the husband has been ordered to pay the wife $125.00 weekly permanent alimony. In exchange, he has been awarded exclusive ownership of Alex's Auto Parts.
As evidenced in the record, the business owns substantial fixed assets. It is an ongoing concern which presently has contracts with at least one municipality to pick up and dispose of wrecked autos. In addition to permanent periodic alimony, a lump sum award of some percentage of the business paid out in installments could be made, which would allow the wife to receive the value of the amount to which she is entitled. This plan would alleviate the necessity for the business to be held solely by the husband in order that he might obtain money in the same fashion and then pay it to the wife as her sole source of support. See Gelman v. Gelman, 512 So.2d 236 (Fla. 1st DCA 1987) (shortage of cash in marital dissolution proceeding warranted equitable distribution of marital assets as lump sum alimony to wife). Significantly, the wife would not be left relatively impecunious in event of the husband's death and resulting cessation of alimony; as would be the case under the distribution plan fashioned by the trial court. See Diffenderfer v. Diffenderfer, 491 So.2d 265, 268 (Fla. 1986) (referring to the potential unfairness that can result should the husband predecease the wife).
We conclude that under no reasonable view can it be found that the husband's obligation to pay the sum of $125 per week permanent alimony  given the age of the parties and the duration of the marriage, the present and future earning ability of the husband as owner and operator of the business, and the potential unfairness to the wife should the husband predecease her  offsets the husband's retention of the entire value of the business.
We stress that a lump sum payment made in installments is but one possible solution to the problem we have outlined. *19 It will be the trial judge's role to ensure that a full and fair distribution of marital assets is made by whatever method he perceives as most appropriate in light of what we have stated.
Finally, as to the wife's claim that in light of her advanced age and lack of education or marketable skills, she cannot live on the "insufficient amount" of $125 per week, the key question is whether the husband has the ability to pay more. The husband here claims he cannot. The two primary elements to be considered when determining permanent periodic alimony are the needs of one spouse for the funds and the ability of the other spouse to provide the necessary funds. Canakaris, 382 So.2d at 1201; Frantz v. Frantz, 447 So.2d 1042 (Fla. 3d DCA 1984); Johnson v. Johnson, 418 So.2d 454 (Fla. 4th DCA 1982); O'Neal v. O'Neal, 410 So.2d 1369 (Fla. 5th DCA 1982). In this case, the reconsideration and redistribution of marital property we order will no doubt affect the permanent periodic alimony due.
For the foregoing reasons, the judgment appealed is reversed, and the case is remanded for further proceedings consistent with this opinion.