731 So.2d 36 (1999)
Thomas W. WINDLE, Appellant,
v.
W.W. WINDLE COMPANY, INC., and Winstone Windle, Appellees.
Nos. 98-0455, 98-1196.
District Court of Appeal of Florida, Fourth District.
March 10, 1999.
Rehearing Denied April 19, 1999.
*37 Wendy S. Leavitt of Steel Hector & Davis LLP, Miami, for appellant.
Andrew D. Rafkin of Broad and Cassel, West Palm Beach, for appellees.
HAZOURI, J.
This is a consolidated appeal from a final judgment on the pleadings entered in favor of W.W. Windle Company, Inc. (Windle Company) and Winstone Windle against Thomas Windle and a non-final order denying Winstone Windle's motion for attorneys' fees and denying Winstone Windle and Windle Company's motion to tax costs. We reverse in part and affirm in part.
Thomas Windle is a minority stockholder in Windle Company which is a closely held corporation. Winstone Windle is president and sole director of Windle Company. Thomas Windle filed a verified petition seeking an order permitting him to examine and inspect certain corporate records of Windle Company or in the alternative, issuance of a writ of mandamus requiring the corporation and Winstone Windle as president and sole director to permit such inspection. He sought inspection and copying of those records pursuant to section 607.1604(2), Florida Statutes (1995). Windle Company and Winstone Windle filed motions to dismiss the verified petition which were denied.
Subsequent to filing an answer and affirmative defenses, Windle Company and Winstone Windle filed a motion for judgment on the pleadings. The primary reason given by the trial court for granting the motion for judgment on the pleadings was that "two written demands to the company requesting to inspect the company's records did not with reasonable particularity describe the shareholder's purpose or the records the shareholder desired to inspect." Without delineating the verified petition with its attached exhibits, suffice it to say that the records and the purpose for seeking the records are described in great detail. Whether the request is made in good faith and for a proper purpose has yet to be determined at an evidentiary hearing. The granting of the judgment on the pleadings is clearly erroneous.
The standards for a ruling on a motion for judgment on the pleadings are as follows:
In ruling on a motion for judgment on the pleadings material allegations of the moving party which have been denied are taken as false. Conclusions of law also are not deemed admitted for purposes of the motion. The court must accept as true all well-pleaded allegations of the non-moving party. Judgment on the pleadings can be granted only if, on the facts as admitted for purposes of the motion, the moving party is clearly entitled to judgment.
Yunkers v. Yunkers, 515 So.2d 419, 420 (Fla. 3d DCA 1987) (citations omitted). See also General GMC Truck Sales & Serv., Inc. v. J.D. Simm, 430 So.2d 998, 999 (Fla. 4th DCA 1983); Scarborough Assocs. v. Financial Fed. Sav. & Loan Ass'n of Dade County, 647 So.2d 1001, 1002 (Fla. 3d DCA 1994).
Since we are reversing the final judgment on the pleadings, we consequently affirm the trial court's non-final order denying Winstone Windle's motion for attorneys' fees and denying Winstone Windle's and Windle Company's motion to tax costs.
The final judgment on the pleadings is reversed and remanded for further proceedings consistent herewith. The non-final order denying attorneys' fees and costs is affirmed.
Reversed in part and affirmed in part.
DELL and STEVENSON, JJ., concur.